28404. YDE v. YDE.

JORDAN, Justice. The parties involved herein were granted a divorce on March 15, 1971, and, by agreement custody of the two minor children of the marriage was awarded to the mother. On May 9, 1973, the father, appellee here, filed a petition for change of custody. In his petition the father alleged certain sexual laxities on the part of the mother, in the presence of the children, claiming said conduct was detrimental to their well-being. The mother was ordered to appear at a hearing on June 13, 1973, and show cause why temporary custody of the children should not be granted to the father. Both parties appeared at the hearing, called witnesses, and offered into evidence extensive testimony concerning the charges made in the father's petition. On June 18, 1973, the mother filed her answer denying the material allegations in the father's petition.

Based on the extensive evidence offered at the hearing the trial court, on June 19, 1973, awarded custody of the two children to the father "until further order of the court." Appellant requested a certificate for immediate review and said request was granted and entered on June 27, 1973. On July 2, 1973, the trial court executed an amendment to its original order, granting appellee's petition for modification and awarding the father permanent custody of the children. This amendment was not filed until August 31, 1973, with the delay being attributed to a request by appellant's counsel. The appellant filed her notice of appeal on July 18, 1973. Appellant complains in her enumeration of errors

that the order of the trial court and amendment thereto are not founded on sufficient evidence to warrant the change in custody, and that the order and amendment are procedurally defective. *Held:*

1. Code Ann. § 30-127 vests in the trial court the power to modify an original custody award upon the showing of evidence of change in conditions sufficient to warrant such a modification. Where the custody of minor children is involved the trial court has a wide latitude and discretion, so that the best interests of the children may be provided for, and this discretion will not be interfered with unless manifestly abused. *Barnes v. Tant,* 217 Ga. 67 (121 SE2d 125); *Willingham v. Willingham,* 192 Ga. 405 (15 SE2d 514).

2. The appellant contends that she is entitled to a final hearing on the issue of custody, in that the June 13th hearing only determined temporary custody. With this contention we do not agree. We held in *Bragg v. Bragg,* 224 Ga. 733 (1) (164 SE2d 560) that "A judgment fixing the custody of a minor child of divorced parents is a final one on the facts then existing and any attempt by the trial judge to retain jurisdiction of the child is a nullity." The trial judge here had a hearing, determined the facts existing at that time, and awarded custody to the father. Once custody is awarded as it was here "until further order of the court" it is awarded on a permanent basis and only a subsequent change in conditions could justify a further modification.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 15, 1973 — DECIDED DECEMBER 3, 1973.

*Orr & Federal, R. Keegan Federal,* for appellant.
*Garland B. Cook,* for appellee.