## 50547, 50548. BLAIR v. DIVISION OF FAMILY & CHILDREN'S SERVICES (two cases).

BELL, Chief Judge.

These appeals are from an order by a juvenile court terminating the parental rights of the appellants to their two children. In an earlier hearing, which is not in issue here, the juvenile court made a finding that the children were deprived and custody was removed from the appellants and temporary custody was placed in the Bibb County Department of Family and Children's Services for a period of six months. The court's earlier order also provided that at the end of the six months period a hearing would be held to determine final disposition of the custody of the children.

The evidence heard in the first hearing was considered by the juvenile court judge in this case so that he could determine whether the evidence showed that the conditions and causes of the deprivation were likely to continue; and that by reason thereof the children would suffer or probably suffer serious physical, mental, moral, or emotional harm which is the standard for termination of parental rights applicable to these cases. Code Ann. § 24-3201 (a) (2).

At the prior hearing it was shown that the appellants, husband and wife, who were then living together, had failed to properly provide for the support, maintenance, care and well-being of their children.

Since the first hearing the appellants have separated. The appellant father now resides with his sixty-eight-year-old mother. The appellant mother resides with her parents. The father has had, at the very best, a very spotty work record as he rarely ever worked a full

five day week. He was employed by the local public works department. His home does not have electricity or gas. It was also shown that before the separation but after the removal of the custody of the children, a social worker called at their home and found a very limited amount of food available. The appellant father's health was impaired by sugar diabetes and he admits that he has to have financial assistance from his mother. He testified that if he obtained custody of the children he would take care of them by placing them in a day care center while at work and that his mother would take care of them at night. Since the separation the appellant wife has been living with her parents in a four room home occupied by seven persons. She is unemployed. This home has no bath or toilet facilities. *Held:*

The only issue in these appeals is whether the juvenile court judge abused his discretion in terminating the parental rights of the appellants. In making a determination regarding the termination of parental rights a juvenile court judge must ever keep in mind the well-being of the child, for a termination hearing looks over all else to the welfare of the child. *In re Levi,* 131 Ga. App. 348 (206 SE2d 82). Based on the evidence of the prior treatment of these children, coupled with the separation of the parents and their present circumstances, we cannot hold that the juvenile court judge abused his discretion.

*Judgments affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED MAY 5, 1975 — DECIDED JUNE 19, 1975 — REHEARING DENIED JULY 2, 1975 — 

*David B. Higdon,* for appellants.

*Thomas C. James, Fred M. Hasty, District Attorney, Thomas H. Hinson, Assistant District Attorney,* for appellee.