### 51416. MURRAY v. HALL COUNTY DEPARTMENT OF FAMILY & CHILDREN SERVICES.

MARSHALL, Judge.

This is an appeal from an order by the Juvenile Court of Hall County terminating Murray's parental rights to his 18-month-old illegitimate son, upon the court's determination that the infant was a deprived child within the meaning of Ga. L. 1971, pp. 709, 713; 1973, p. 599; 1973, pp. 882, 884 (Code Ann. § 24A-401(h)(1)).

Appellant enumerates four errors, alleging error in the court's conclusion that the infant was a deprived child; that this deprivation was likely to continue; the

insufficiency of the evidence to support the court's determination; and the refusal to grant a continuance. *Held:*

1. The evidence amply warrants conclusions that appellant entered into a meretricious relationship with the child's mother while both father and mother were still married to other spouses, though at the time both apparently were separated and living apart from their respective spouses. The evidence reflects that at the time appellant was the father of three children by his marriage and that the mother had two children by her marriage. After the child, who is the subject of the termination rights, was conceived, the mother undertook to care for all five children. There was evidence that her children were seriously abused physically, including the tying of a string around one child's penis because he wet his diapers, with resulting cutting and scarring; third degree burns in the diaper area of a child, apparently from scalding water; the "drowning" of one child with successful resuscitation at a hospital; the laceration of one child's scrotum to the extent that a testicle extruded; bruises over the bodies of both children; cuts over each child's eye and what could have been cigarette burns. The children were dirty, needing more frequent baths and their heads crustaceous. While all of these conditions were not attributable to appellant, he willingly allowed his children to become a part of such an environment. Based upon complaints of relatives, appellant was arrested and charged with child abuse by scalding one child and tying off the penis of another. The mother initially testified at his criminal trial that appellant was responsible, though she later recanted and claimed sole responsibility. Appellant was convicted of child abuse and sentenced to two five-year terms, the second suspended. This conviction was affirmed by this court in *Murray v. State,* 135 Ga. App. 344 (217 SE2d 448) and the denial of an extraordinary motion for new trial based upon newly discovered evidence was affirmed in *Murray v. State,* 135 Ga. App. 667 (218 SE2d 673).

Though there was no evidence that the infant child involved has ever suffered any abuse, the trial court did not err in determining the infant was a "deprived child."

Appellant has been convicted of serious cruelty to children in the same family and subsequently entered a plea of guilty to an escape. He, therefore, is faced with a substantial penitentiary enforced separation from his child during which time he will not be able to exercise parental care or control or furnish subsistence and education as required by law. The mother voluntarily relinquished her rights during the hearing and appellant involuntarily relinquished his rights by his conviction for child abuse and incarceration. Thus, the child has been deprived of all parental care and control. *George v. Anderson,* 135 Ga. App. 273 (217 SE2d 609); *Elrod v. Hall County Dept. of Family &c. Services,* 136 Ga. App. 251.

2. In regard to the court's determination that deprivation was likely to continue, evidence of appellant's lack of concern for the conditions under which his children were supervised, of his disregard for basic morality, and of his proven disposition for cruelty toward children, gave ample support to a conclusion that any child subject to appellant's control was and would continue to be a deprived child. *Moss v. Moss,* 135 Ga. App. 401 (218 SE2d 93); *In re Levi,* 131 Ga. App. 348 (206 SE2d 82).

3. The evidence set forth above forces a conclusion that there is no merit to contentions that the evidence does not support the determinations of deprivation or the continuation of such deprivation. Nor is there any merit to the contention that the court erred in denying appellant's motion for a continuance. The juvenile court did continue the matter of termination of parental right from December of 1974 until May, 1975, based upon the lack of finality of appellant's conviction for child abuse. In May, 1975, the court further considered a new motion for continuance. Based upon the previously adduced evidence, plus the evidence of appellant's escape, further delay was denied. The denial of a further delay was in the sound discretion of the trial judge. There is no evidence that the trial judge in this instance abused his discretion in this regard. *Campbell v. State,* 231 Ga. 69 (200 SE2d 690).

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED NOVEMBER 3, 1975 — DECIDED JANUARY 16, 1976.

*Robinson, Harben, Armstrong & Millikan, Troy R. Millikan,* for appellant.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Chief Deputy Assistant Attorney General, Dorothy Y. Kirkley, Assistant Attorney General, William M. House, Special Deputy Assistant Attorney General,* for appellee.