## 52286. In re CREECH.

CLARK, Judge.
This is an appeal by a mother from a ruling adverse to her by the juvenile court wherein she sought to

terminate the parental rights of her former husband to their three-year-old son. As the father's whereabouts were unknown, his interests were represented by a guardian ad litem under court appointment. *Held:*

1. "The court by order may terminate the parental rights of a parent with respect to his child if: (1) the parent has abandoned the child; (2) the child is a deprived child and the court finds that the conditions and causes of the deprivation are likely to continue or will not be remedied and that by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm. . ." Code Ann. § 24A-3201 (a).

2. The evidence did not require a finding that the father abandoned his child (*Gray v. Sweat,* 125 Ga. App. 797 (189 SE2d 87)), or that the child was a deprived child. Code Ann. § 24A-401 (h).

3. The primary consideration in a proceeding to terminate parental rights is the welfare of the child. *In re Levi,* 131 Ga. App. 348 (206 SE2d 82); *Elrod v. Hall County Dept. of Family & Children Services,* 136 Ga. App. 251 (220 SE2d 726). In determining how the interest of the child is best served, the juvenile court is vested with a broad discretion which will not be controlled in the absence of manifest abuse. See *Yde v. Yde,* 231 Ga. 506 (202 SE2d 423). We find no abuse of discretion under the circumstances of this case.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED JUNE 7, 1976 — DECIDED JULY 2, 1976.

*Richard A. Rice,* for appellant.
*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Tim Carssow,* for appellee.