## 53180. BANKS v. DEPARTMENT OF HUMAN RESOURCES.

MARSHALL, Judge.

Appellant raises two issues in this "deprived child" case: (1) whether the juvenile court judge should have disqualified himself because of certain comments he made during the hearing, and (2) whether the evidence was sufficient to show deprivation and that the deprivation would continue. *Held:*

1. The Department of Family and Children Services of Fulton County filed a petition for termination of appellant's parental rights pursuant to Code Ann. § 24A-3201 (a) (2). A hearing was held and the department presented the testimony of caseworkers assigned to appellant's case. During the course of cross examination of a county caseworker, the juvenile court judge commented that based on the witness' testimony, it appeared to him that in the past the child's mother, appellant, had been given the opportunity to improve herself, obtain a job, pay for the child's support and establish a home for the child, but that she had not done so, nor made any effort to do so until the present termination petition was filed. The trial judge commented that such conduct would be considered wilful malfeasance of her duties as a mother toward the child, which could result in his issuing a bench warrant for her arrest and in her being criminally prosecuted. Following these comments, appellant's counsel moved for the judge to disqualify himself on the grounds of bias and prejudice,

which motion he denied.

As of January, 1974, bias and prejudice became grounds for disqualification. See Code of Judicial Conduct, Canon 3C(1)(a), 231 Ga. A-1, A-5, which provides: "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: (a) he has a personal bias or prejudice concerning a party." Previously, such was not a ground for judicial disqualification unless based upon either pecuniary interest or relationship to a party. See Code § 24-102; *Jones v. State,* 219 Ga. 848 (1) (136 SE2d 358). In *Savage v. Savage,* 234 Ga. 853, 856 (218 SE2d 568), the Supreme Court stated that under this Canon, "where bias or prejudice of a judge has been shown concerning a party, it is error for the judge to hear and decide the case."

There are few cases dealing with this ground of disqualification. In *Nix v. State,* 236 Ga. 110 (223 SE2d 81), the trial judge was alleged to be biased because he had previously heard the case on a guilty plea and because one of the defendants' witnesses had had unfavorable business dealings with a member of the judge's family. The Supreme Court held that such assertions were not "legally disqualifying" grounds under the Code of Judicial Conduct. See also *Savage v. Savage,* 238 Ga. 16, which evidences a liberal allowance of discretion by the trial judge on this asserted ground of disqualification. See also *Clenney v. State,* 229 Ga. 561 (1) (192 SE2d 907), for pre-Code of Conduct attitude toward this ground of disqualification.

We find that the court did not err in refusing to disqualify itself. The trial court certainly exhibited disapproval of the appellant's conduct as shown by the evidence developed up to that point, and such comments, if made before a jury, would constitute an improper expression of opinion on the evidence. Code § 81-1104; *Benefield v. Benefield,* 224 Ga. 208 (1) (160 SE2d 895). But any evidence heard by the trier of fact (the trial judge in this case) is bound to engender a certain reaction or attitude as to how the case will be decided, and this attitude may change as the evidence develops. As long as the trier of fact is not prejudiced by extraneous matters

not in the evidence, and will decide the case only after *all* the evidence is heard and considered, then we find no harm in such a comment on the state of the evidence, when the judge sits as the trier of fact. The trial judge, in this case, explicitly stated that his mind was not closed on the subject and that he would hear the rest of the evidence (T. 56, 57, 58). There being no bias or prejudice, the court did not err in denying the motion to disqualify.

2. Appellant further contends that the evidence was insufficient to show deprivation and continuation of deprivation. The evidence showed that the mother (appellant) was herself a foster child, age 16 when the child was born. The child was placed in foster care by the Department of Family and Children Services of Fulton County immediately on its birth, and appellant has never had custody of the child. There was testimony that the child, age 3 at the time of the hearing, was in good physical and emotional health and was "very well adjusted," having received good care in its foster home. Appellant argues that such evidence does not show that the child *"is"* deprived as required by Ga. L. 1971, pp. 709, 747 (Code Ann. § 24A-3201 (a) (2)) and Ga. L. 1971, pp. 709, 713 (Code Ann. § 24A-401 (h) (1)). The same argument was made in *Roberts v. State of Ga.,* 141 Ga. App. 268 and for the reasons stated therein, is rejected.

Appellant also contends that the trial court's finding that the "conditions and causes of deprivation are likely to continue and will not be remedied," is unsupported by the evidence. She asserts that her difficulties in holding a job, not meeting certain appointments with caseworkers, etc., were attributable to her youth and inexperience, lack of transportation, failure of communication, etc., and that her prospect for the future was bright in that her recent development showed an increase in academic level from third to seventh grade, her I.Q. score had increased above the marginally retarded level, and she has taken an interest in the vocational rehabilitation program suggested by the department.

While the judge may have concluded that the mother's conditions would improve based on these facts, there was evidence that they would not. After the child was born, appellant ran away from her foster home twice

during the baby's first year; she was placed with the Job Corps and then left same after a few months during the child's second year; she frequently missed appointments with her caseworker and to visit the child; she had, during the past three years, moved her residence 13 times; she lived with a man of whom she knew little; she held various short-term jobs but made no contributions toward the support of the child; and, according to one of her caseworkers, she remained passive to plans suggested by the department to go to school and seek employment to put herself in a position to care for the child. It appears that only after the petition for termination was filed by the department did she take an interest in the vocational rehabilitation program.

"In determining how the interest of the child is best served, the juvenile court is vested with a broad discretion which will not be controlled in the absence of manifest abuse. See *Yde v. Yde,* 231 Ga. 506 (202 SE2d 423)." *In re Creech,* 139 Ga. App. 210, 211 (228 SE2d 198). We find sufficient evidence to support the finding of the trial court and we find that he did not abuse his discretion.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED JANUARY 5, 1977 — DECIDED FEBRUARY 8, 1977 — REHEARING DENIED FEBRUARY 23, 1977 —

*Jones, Bird & Howell, Joseph W. Crooks,* for appellant.

*David U. Crosby, Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Chief Deputy Attorney General, Daniel S. Reinhardt, Deputy Assistant Attorney General,* for appellee.