53666. In The Interest of: K. C. O.

Submitted April 6, 1977 — Decided April 19, 1977 — Rehearing denied May 6, 1977.

*John R. Ulmer,* for appellant.

*Arthur K. Bolton, Attorney General, Walter M. Deriso, Deputy Assistant Attorney General, Carol Atha Cosgrove, Assistant Attorney General,* for appellee.

Deen, Presiding Judge.

1. The mother urges that the motion to dismiss the petition for failure to state a claim should have been granted. This is based upon the fact that she did not have legal custody of the child and that if the child were "deprived" it was not at her hands. Of course, the reason why she did not have custody at the time of the hearing on termination of her parental rights is that the juvenile court had made a prior (and apparently uncontested) finding that K. C. O. was a "deprived child" and granted temporary custody to the Department of Family & Children Services. That a "deprived child" may be in agency custody at the time of the hearing on termination of parental rights does not oust the juvenile court from jurisdiction to determine the ultimate issue under Code Ann. § 24A-3201 (a) (2). Code Ann. § 24A-301 (a) (1) (C). A petition to terminate the parental rights to a child previously adjudicated "deprived" and in agency custody is cognizable in the juvenile court. See *In re Levi,* 131 Ga. App. 348 (206 SE2d 82). The appellant's specific argument has been previously rejected by this court. *Roberts v. State of Ga.,* 141 Ga. App. 268.

2. "The court by order may terminate the parental rights of a parent with respect to his child if the child is a deprived child, and the court finds that the conditions and causes of the deprivation are likely to continue or will not be remedied and that by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm. . ." Code Ann. § 24A-3201 (a) (2). The record supports the juvenile court judge's following findings of fact. K. C. O.'s father is unknown;

her mother has two other illegitimate children. These two other children have been living with their grandmother almost their entire lives; the grandmother testified that her daughter (the natural mother of the children) had periods of illness when she lost all interest and desire to be a mother and would leave and wander aimlessly. The mother has a history of running away from home and of an inability to establish a stable home. She has been unwilling or unable to return to school or to find employment. She has not remained at her mother's home as she had agreed with the Department of Family & Children Services to do. Before K. C. O.'s birth, her mother expressed a desire to put the child up for adoption; after custody was given to the agency, she expressed an interest in seeing the child but never established a stable home environment or child care plan which would have allowed the child to be returned to her custody. A clinical psychologist testified that K. C. O.'s mother was "significantly depressed," illiterate as far as basic study skills, and had indications of incipient schizophrenia, did not take her prescribed medicine on a regular basis, that her prognosis was "bleak" with no reasonable chance with or without treatment she would be able to provide a home for a child, and that her condition was deteriorating.

This evidence, we feel, supports the juvenile court judge's conclusion that the parental rights of the mother of K. C. O. be terminated. *Elrod v. Hall County Dept. of Family & Children Services,* 136 Ga. App. 251 (220 SE2d 726).

*Judgment affirmed. Webb and Marshall, JJ., concur.*