55946. In the Interest of: A. A. G.

BIRDSONG, Judge.

The father of A. A. G. appeals from the order of the Clayton County Juvenile Court terminating his parental rights pursuant to Code Ann. § 24A-3201. The juvenile court concluded that "the child has been and still is in a state of deprivation by the acts of her natural father"; that "the father is unfit creating a substantial danger of the child suffering emotional harm as well as mental and moral harm"; and that "the conditions and causes of deprivation are likely to continue or will not be remedied and by reason thereof the child is suffering or will probably suffer mental, moral, or emotional harm." Appellant contends that the juvenile court's findings of fact and conclusions of.law are not supported by the evidence. *Held:*

1. The record supports the juvenile court judge's following findings of fact: A. A. G.'s parents were divorced on January 8, 1974; the father was in prison at the time of the divorce and has since remained incarcerated; the father has contributed no support to the child since the divorce; the father has a record of criminal arrests since the child's birth; the father is or has been an illegal user of heroin and other controlled substances; the father failed to support the child by failing to provide a place to live and necessaries for said child as well as emotional stability. The record also reveals that the father was unemployed

when not incarcerated and that he attempted to coerce the child's mother to use drugs with him. Finally, the record shows that the mother has remarried and provided the child with a suitable home as well as necessaries, and that her new husband wishes to adopt the child.

2. The termination of parental rights is a severe measure. See *Nix v. Dept. of Human Resources,* 236 Ga. 794 (225 SE2d 306); *R. C. N. v. State of Ga.,* 141 Ga. App. 490 (233 SE2d 866). However, " '[a] termination hearing seeks above all else the welfare of the child.' " *In re Levi,* 131 Ga. App. 348, 352 (206 SE2d 82). See *Milford v. Maxwell,* 140 Ga. App. 85 (230 SE2d 93); *Elrod v. Hall County Dept. of Family &c. Services,* 136 Ga. App. 251 (220 SE2d 726). "In determining how the interest of the child is best served, the juvenile court is vested with a broad discretion which will not be controlled in the absence of manifest abuse. [Cit.]" *In re Creech,* 139 Ga. App. 210, 211 (228 SE2d 198). See *Banks v. Dept. of Human Resources,* 141 Ga. App. 347 (233 SE2d 449). The evidence shows the "moral unfitness" of the father, and is sufficient to support the findings of the juvenile court. *Elrod v. Hall County Dept. of Family &c. Services,* supra. See *In the Interest of: K. C. O.,* 142 Ga. App. 216 (235 SE2d 602); *Milford v. Maxwell,* supra; *In re Levi,* supra. The juvenile court judge did not abuse his discretion in terminating the appellant's parental rights.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED MAY 22, 1978 — DECIDED JULY 3, 1978.

*Glaze, McNally & Glaze, William R. McNally,* for appellant.

*Monroe Ferguson, Joseph M. Todd,* for appellee.