## 56092. POWELL v. DEPARTMENT OF HUMAN RESOURCES.

SHULMAN, Judge.

This appeal is from an order of the Juvenile Court of DeKalb County terminating appellant's parental rights with respect to his son.

1. Appellant contends that the evidence was not sufficient to meet the standard set forth in Code Ann. § 24A-3201. That section permits the termination of parental rights if ". . . the child is a deprived child and the court finds the condition and causes of the deprivation are likely to continue or will not be remedied and that by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm."

The evidence presented at the hearing was conflicting. Appellant produced evidence, though equivocal and self-contradictory, that his home situation had improved since the child was first taken from him. The evidence produced by the Department of Human Resources and psychological and psychiatric reports on appellant made a strong showing that the child's interest would be best served by the termination of appellant's parental rights. The trial court found as a fact that the child is deprived and that the conditions which caused appellant's son to be a deprived child have not been corrected and cannot be corrected in the foreseeable future.

" 'In determining how the interest of the child is best served, the juvenile court is vested with a broad discretion which will not be controlled in the absence of manifest abuse. See *Yde v. Yde,* 231 Ga. 506 (202 SE2d 423).' [Cit.]. We find sufficient evidence to support the finding of the trial court and we find that he did not abuse his discretion." *Banks v. Dept. of Human Resources,* 141 Ga. App. 347, 350 (233 SE2d 449).

2. Complaining that there was no showing that he was an "unfit" parent, appellant asserts that the trial court applied an incorrect standard to determine whether appellant's parental rights should be terminated. That assertion is refuted by the record which reflects that the juvenile court judge carefully controlled the proceedings to focus on the proper issues of the case, whether ". . . the child is a deprived child and . . . [whether] the conditions and causes of the deprivation are likely to continue or will not be remedied. . ." Code Ann. § 24A-3201(a) (2). The trial court clearly applied the appropriate statutory standards.

3. In four related enumerations of error, appellant argues, in essence, that the order terminating his parental rights amounted to a deprivation of due process because of an abuse of power by the Department of Human Resources. Appellant's argument, fully presented to the trial court, was bottomed on allegations that the department actively prevented him from contacting his son, that the department completely failed to work with appellant to correct the conditions contributing to his son's deprivation and that all the department's efforts with respect to his son were directed toward placing him with adoptive parents before attempting to sever appellant's parental rights and without investigating appellant's current home situation.

Appellant urges that the legal effect of the department's alleged improprieties was to render termination of his parental rights inappropriate, at least until appellant is given an opportunity with the child in his custody to demonstrate his ability to care for his son. However, appellant has not shown, nor have we found, any law requiring a trial period of parental custody preceding a termination of parental rights. Moreover, the department presented convincing evidence that the procedures followed in this case were normal and appropriate and afforded appellant due process of law. Countering appellant's testimony of the department's failure to cooperate with him was testimony that appellant made no effort to contact the child for almost two years. The department's witness admitted that appellant had made a request to see his son shortly after

the department took custody, but stated that the department refused to accede to the request because appellant was then in jail. The witness testified that after appellant was released from jail the department never had an address or phone number for appellant and was unable to contact him.

Under the provisions of the Juvenile Court Code, the judge sits as trior of fact. Decisions as to credibility of witnesses rest solely with the judge, and if there is any evidence to support his findings, they will not be disturbed. See *J. R. P. v. State of Ga.,* 131 Ga. App. 53 (205 SE2d 96). The evidence here was sufficient to support the juvenile judge's rejection of appellant's allegations of improprieties and abuse of power by the Department of Human Resources.

4. Based on appellant's demeanor during the hearing, part of which was characterized by the trial court as using the witness stand " . . . to make almost inexhaustible rambling, disconnected statements, unresponsive to the questions asked," the trial court requested, and appellant consented to, a psychological and psychiatric evaluation of appellant. The evaluations were made and reports furnished to the court. The juvenile court's order shows that the reports were considered and that they contributed to the court's decision to terminate appellant's parental rights. Appellant now contends that consideration of the reports was improper because he was not afforded an opportunity to cross examine the authors thereof.

Code Ann. § 24A-2201(d) provides for the taking of evidence "in all proceedings involving custody of a child," and permits the juvenile court to receive oral and written reports. The section further provides that " . . . parties or their counsel shall be afforded an opportunity *upon request* to examine and controvert written reports so received and to cross-examine individuals making the reports." (Emphasis supplied.) The provisions of the section are applicable here because "[a] proceeding for termination of parental rights is a custody controversy involving a deprived child. See Code Ann. § 24A-3201(a) (2). See, also, Code Ann. § 24A-301(a) (2) (C)." *Moss v. Moss,* 233 Ga. 688, 690 (212 SE2d 853). Appellant and his

counsel consented to the psychological and psychiatric evaluation of appellant and made no request whatever to be permitted to cross examine the persons making the reports. Under these circumstances, there was no error in receiving and considering the reports.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED JUNE 26, 1978 — DECIDED SEPTEMBER 21, 1978.

*Robert L. Littlefield,* for appellant.

*Arthur K. Bolton, Attorney General, Don A. Langham, First Assistant Attorney General, Michael J. Bowers, Senior Assistant Attorney General, Carol Atha Cosgrove, Assistant Attorney General, A. Joseph Nardone, Jr., Brant Jackson, Anne Workman, Solicitor,* for appellee.