## 56607. CHILDERS et al. v. CLAYTON COUNTY DEPARTMENT OF FAMILY & CHILDREN SERVICES.

BIRDSONG, Judge.

The Childers appeal the order of the Clayton County Juvenile Court terminating their parental rights pursuant to Code Ann. § 24A-3201. The juvenile court found that all four of the appellants' children ("children") were "deprived" and that "the conditions and causes of the deprivation are likely to continue or will not be remedied," as a result of which the children were "suffering or will probably suffer serious physical, mental, moral, or emotional harm." The appellants contend that the juvenile court's findings of fact and conclusions of law are not supported by the evidence. *Held:*

1. The record and transcript of evidence support the following findings of fact made by the juvenile court judge: the children suffered moderate to severe developmental retardation; the children suffered from injuries and illnesses suspected as child abuse and as a result required frequent hospital treatment; the children were removed by appellants from hospital custody against medical advice, without proper follow-up treatment, requiring subsequent readmission to the hospital; the children were not properly fed, clothed, or bathed, and suffered from substandard living conditions; the children suffered from severe marital discord; the children were emotionally unstable and mentally deficient. Evidence also showed that the children were left without adequate adult supervision, and suffered from burns, broken bones, and other bodily trauma.

Expert testimony established that the children improved mentally and emotionally while under agency supervision but regressed to their former state when returned to the custody of appellants. Additional evidence showed that the father of the children abused alcohol and was frequently intoxicated and physically abusive of his family, although he acknowledged no alcohol problem; both appellants testified that they considered themselves adequate parents without the need for improvement.

The transcript revealed that the appellants had moved some thirteen times in four years, which according to expert testimony, significantly aggravated the children's mental and emotional instability. Further, testimony established that the children, throughout their lives, had remained under almost continual supervision of various government agencies. Finally, several expert witnesses testified that the prognosis for the appellants' ability to adequately care for the children was bleak.

2. This court has observed many times that the termination of parental rights is a severe measure. See *In the Interest of: A. A. G.,* 146 Ga. App. 534 (246 SE2d 740). However, "[a] termination hearing seeks above all else the welfare of the child..." *In re Levi,* 131 Ga. App. 348, 352 (206 SE2d 82). See *Milford v. Maxwell,* 140 Ga. App. 85 (230 SE2d 93); *Elrod v. Hall County Dept. of Family &c. Services,* 136 Ga. App. 251 (220 SE2d 726). "In determining how the interest of the child is best served, the juvenile court is vested with a broad discretion which will not be controlled in the absence of manifest abuse. [Cit.]" *In re Creech,* 139 Ga. App. 210, 211 (228 SE2d 198). See *Banks v. Dept. of Human Resources,* 141 Ga. App. 347 (233 SE2d 449). The evidence supports the juvenile court judge's findings of fact. See *Murray v. Hall County Dept. of Family &c. Services,* 137 Ga. App. 291 (223 SE2d 486); *In the Interest of K. C. O.,* 142 Ga. App. 216 (235 SE2d 602); *Watkins v. Dept. of Human Resources,* 143 Ga. App. 208 (237 SE2d 696). The juvenile court judge did not abuse his discretion in terminating appellants' parental rights.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

Submitted September 20, 1978 — Decided October 30, 1978.

*James W. Studdard,* for appellants.

*Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Assistant Attorney General, Larry A. Foster, Deputy Assistant Attorney General, Don A. Langham, First Assistant Attorney General, Michael S. Bowers, Senior Assistant Attorney General,* for appellee.