## 56936. ROBERSON v. DEPARTMENT OF HUMAN RESOURCES.

BELL, Chief Judge.

This is an appeal from a final order of a juvenile court terminating the parental rights of the appellant, the natural mother. The petition alleged that the four children were deprived as defined by Code Ann. § 24A-401 (h) (1) in that they are without proper parental care or control, subsistence and education. The petition stated further that the natural father is deceased and that the children are currently residing in foster care. Three hearings were held on this matter. At the first, counsel for both parties stipulated that the children were in a state of deprivation when the petition was filed. For this reason, temporary custody of the children was awarded to the department for a period of six months, during which time the appellant was to continue treatment, therapy, and medication for her emotional and mental difficulties, as well as for her drug abuse problems. At the second hearing, the court allowed an amendment to the petition seeking termination of parental rights. The court found that the children were still in a state of deprivation as the mother was not physically or emotionally capable of having custody of the children but that the mother may be able to correct this situation at some future date.

Therefore, the department retained temporary custody and the court withheld disposition. At the third hearing, the court ordered the termination of appellant's parental rights at the close of appellant's evidence. In its order, the court found as fact that the mother had not provided an adequate home for the children; that she has had no permanent address, has been incarcerated in jail, and treated in the state hospital since the filing of the petition. The court further found that there has been no substantial change on the mother's part in that she continued to abuse drugs, and the evidence did not show that she had improved and stabilized her living and emotional conditions. On these facts, the court based its conclusion that the causes and conditions of deprivation are likely to continue, and therefore ordered the termination of appellant's parental rights. *Held:*

The only issue on appeal is a question of the sufficiency of the evidence. The stated findings of fact were all supported by the evidence and authorized the conclusion of law that the children were deprived and that the conditions that caused the deprivation are likely to continue. Consequently, the termination of appellant's parental rights was authorized under Code Ann. § 24A-3201 (a) (2). See *Watkins v. Dept. of Human Resources,* 143 Ga. App. 208 (237 SE2d 696). Our decision in *R. C. N. v. State of Ga.,* 141 Ga. App. 490 (233 SE2d 866) relied on by appellant is not in conflict with anything held here nor does it require a different result.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED OCTOBER 31, 1978 — DECIDED JANUARY 5, 1979.

*Moore & McLaughlin, James B. McLaughlin, Jr.,* for appellant.

*John W. Collier, Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Assistant Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Don A. Langham, First Assistant Attorney General, Michael J. Bowers, Senior Assistant Attorney General,* for appellee.