## 57061. WYNN v. DEPARTMENT OF HUMAN RESOURCES.

SHULMAN, Judge.

This appeal is from an order of the Juvenile Court of Treutlen County terminating the appellant's parental rights in two of her children.

1. The essence of appellant's first enumeration of

error is that the evidence does not support the termination. A parent's rights with respect to his child may be terminated if "the child is a deprived child and the court finds that the conditions and causes of the deprivation are likely to continue or will not be remedied and that by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm." Code Ann. § 24A-3201 (a) (2).

In March, 1977, the appellant's two children were found to be "deprived" within the meaning of Code Ann. § 24A-401 (h), one child having "suffered considerable physical abuse to his body including bone fragmentation [and] irregularity and had all the characteristics and symptoms of a battered child." Pursuant to this finding, the children were removed from the appellant and placed in the temporary custody of the Treutlen County Department of Family & Children Services.

Subsequently, a petition was filed seeking a termination of appellant's parental rights. After a hearing, this petition was granted, and it is from the order terminating those rights that this appeal is taken.

At the termination hearing, there was evidence that the appellant was the mother of another child who had also been found to be deprived and abused; appellant's rights in that child had been terminated. Appellant's caseworker testified that in her experience and training, "it is dangerous to return a child after this thing has occurred more than once."

There was further evidence that in the interim between the first hearing, which found the children to be "deprived," and the hearing on termination, the appellant had been psychologically evaluated as an "emotionally immature personality" about whom "there is considerable doubt at the present time as to whether [she] is up to handling the stresses associated with coping with the incessant, dependent demands of two pre-school age children. . ."

There was testimony that she had sought but then discontinued emotional counseling. She made sporadic telephone inquiries concerning her children but had seen them only once since they were removed from her custody.

Appellant's caseworker testified that she had not

seen "any decided change in the family situation since the time of the last hearing" and that, in her opinion, if the children were returned to the appellant they "would suffer the same type of treatment they suffered in the past."

There is no doubt that the termination of parental rights is a severe measure. See *In the Interest of: A.A.G.,* 146 Ga. App. 534 (2) (246 SE2d 739) and cits. However, " '[a] termination hearing seeks above all else the welfare of the child . . .' " *In re Levi,* 131 Ga. App. 348, 352 (206 SE2d 82). "Affirmative evidence of moral unfitness, physical abuse, abandonment, refusal to support, or similar misconduct by a parent or *the likelihood of substantial threat* to a child's physical, mental, moral, or emotional well being justifiably warrants the termination of a parent's right to his child." *Elrod v. Hall County Dept. of Family &c. Services,* 136 Ga. App. 251, 256 (220 SE2d 726). (Emphasis supplied.) "In determining how the interest of the child is best served, the juvenile court is vested with a broad discretion which will not be controlled in the absence of manifest abuse. [Cit.]" *In re Creech,* 139 Ga. App. 210, 211 (228 SE2d 198). The evidence here supports the judge's finding that appellant's ability to care for her children "is not likely to improve to such a degree so that she might eventually have custody of the children." See, e.g., *In the Interest of: K.C.O.,* 142 Ga. App. 216 (2) (235 SE2d 602); *Murray v. Hall County Dept. of Family &c. Services,* 137 Ga. App. 291 (1) (223 SE2d 486), upholding a termination of parental rights where evidence did not show actual abuse to the child who was the subject of the termination proceeding, but rather showed a parent's willingness to allow other children to become a part of an abusive environment. The juvenile court judge did not abuse his discretion in terminating appellant's parental rights.

2. Appellant urges that the juvenile court erred in "failing to make explicit statutory findings that the children were deprived, but relied upon the implied findings of the court that had earlier determined temporary custody, and the evidence does not support the verdict."

The record reveals that there was a prior hearing in

which appellant's children were determined to be "deprived." This finding and the order removing the children from her custody were not challenged. In the termination hearing, the judge made explicit findings of fact concerning events since the original hearing and concluded that "the conditions and causes of the deprivation are likely to continue and will not be remedied and that by reason thereof, the children are suffering and will probably suffer serious physical, mental, moral, or emotional harm." The evidence supports the finding. There was no error. *Blair v. Division of Family &c. Services,* 135 Ga. App. 312 (217 SE2d 457); Code Ann. § 24A-3201 (a) (2).

*Judgment affirmed. Deen, C. J., and McMurray, J., concur.*

Submitted January 8, 1979 — Decided April 4, 1979.

Sarah M. Tipton, for appellant.
*Jones, Jones & Hilburn, Eric L. Jones, William L. Tribble, Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Assistant Attorney General,* for appellee.