## 57540. AVERA v. RAINWATER.

UNDERWOOD, Judge.

This appeal involved the granting of a Petition for Termination of Parental Rights filed by Lynn A. Rainwater, former wife of William H. Avera; three minor children issued from the marriage. In 1971 Avera was convicted of murder and sentenced to life imprisonment; at the time the petition was filed he was still imprisoned. This case was here on appeal in 1978, 147 Ga. App. 505 (249 SE2d 340), and was returned to the juvenile court with directions to vacate the previous order of the court, enter findings of fact and conclusions of law, and to enter a new judgment based on such findings and conclusions. The trial court complied with our order and arrived at the same conclusion, i.e., that the parental rights of Avera should be terminated. We affirm.

The evidence presented at the hearing established that Avera and Rainwater were married in 1966. In 1970, while participating in a strike, Avera shot and killed a man. In February 1971 he was convicted of murder and was sentenced to life imprisonment. Avera has been imprisoned since that time except for a brief period of time when he escaped from the Houston County Correctional Institution. In August 1971 Rainwater divorced Avera and subsequently married her present husband. Under the terms of the divorce settlement, Avera was not required to provide any support for the children until his release from confinement. He has seen the children only three times since being confined, the last time being

Christmas of 1976. Mrs. Rainwater testified that Avera spent all of his money drinking and gambling before his confinement, and she and her parents had to support the children. Although Avera has no income, he borrowed money from his mother and purchased presents for his children at Christmas 1976. On Valentine's Day 1977 he sent $30 to Rainwater to buy candy for the children, but she returned it. Both parties agree that when Avera was home on Christmas parole in 1976 the children seemed happy to see their father.

The juvenile court found that Avera has no major assets and no immediate prospect of receiving any income; that he has given no money towards the support of the children in over six years (at the time of the hearing); and that he had not been around the children and given them any emotional, physical, mental or moral support. From these findings, the court concluded that Avera is morally unfit to exercise any parental control over his minor children, that he wilfully and voluntarily abandoned his children and that the children are deprived children who will suffer serious mental, moral, and emotional harm unless Avera's parental rights are terminated.

On appeal Avera enumerates three errors; that the evidence was insufficient to support a finding that the children had been abandoned by him; that the evidence was insufficient to support findings that the children were deprived children; and that the findings of fact are clearly erroneous and show a harmful misunderstanding of the evidence.

Code Ann. § 24A-3201 (a) provides, in pertinent part, that "The court by order may terminate the parental rights of a parent with respect to his child if (1) the parent has abandoned the child; (2) the child is a deprived child and the court finds that the conditions and causes of the deprivation are likely to continue or will not be remedied and that by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm; . . ." The primary consideration in a proceeding to terminate parental rights is the welfare of the child. *In re Levi,* 131 Ga. App. 348 (206 SE2d 82) (1974); *Elrod v. Hall County Dept. of Family & Children Services,* 136 Ga. App. 251 (220 SE2d 726) (1975); *In re*

*Creech,* 139 Ga. App. 210 (228 SE2d 198) (1976).

In determining how the interest of the child is best served, the juvenile court is vested with a broad discretion which will not be controlled in the absence of manifest abuse. See *Yde v. Yde,* 231 Ga. 506 (202 SE2d 423) (1973); *Banks v. Dept. of Human Resources,* 141 Ga. App. 347, 350 (233 SE2d 449) (1977); *In the Interest of: A. A. G.,* 146 Ga. App. 534, 535 (246 SE2d 739) (1978).

The thrust of Avera's argument is that the consequences of his incarceration have made it difficult if not impossible for him to discharge his parental responsibilities, and the juvenile court should not have concluded that the children have been abandoned or are deprived.

It is clear from the record that the juvenile court considered all the circumstances of the case, including but not limited to the appellant's incarceration, and we find nothing to support the contention that there was a "harmful misunderstanding of the evidence." The record supports the findings of the court below and there was no abuse of discretion in terminating Avera's parental rights.

*Judgment affirmed. Banke, Acting P. J., and Carley, J., concur.*

SUMITTED APRIL 9, 1979 — DECIDED MAY 14, 1979.

*Joseph B. Gray, Jr.,* for appellant.
*Allen & Kelley, D. Lynn Kelley,* for appellee.