## 58387. HENDERSON v. DEPARTMENT OF HUMAN RESOURCES.

BIRDSONG, Judge.

Appeal from termination of parental rights. An hour before the juvenile court hearing on the petition filed by the Department of Human Resources, the mother voluntarily signed a surrender of parental rights. On the hearing, the court terminated the rights of both parents upon finding that the defendant father wilfully and wantonly failed to provide support for his minor children for more than twelve months immediately prior to the filing of the petition for termination of parental rights, he having been ordered to pay such support by a court of competent jurisdiction, and that the children "are deprived children within the meaning of the Juvenile Court Act, the causes

and conditions of the deprivation are likely to continue and will not be remedied, and as a result thereof the said children will suffer serious mental, physical, and emotional harm unless the parental rights of the parents are terminated and severed." Appellant, the father, contends on appeal that the evidence presented to the juvenile court did not constitute sufficient evidence to terminate his parental rights. *Held:*

1. The evidence was insufficient to find that appellant wilfully and wantonly failed to support the children in compliance with a court order for a period of twelve months or longer, *pursuant to Code § 24A-3201 (a) (4),* so as to authorize termination of his parental rights under that Code section.

Under the divorce settlement and agreement between the parents, made judgment and order of the court May 25, 1972, appellant was obligated to pay, at that time, certain graduated sums and $160 per month currently and since 1977, when both children had reached the age of six years.

It is undisputed that appellant has directly paid only $65 since 1972 in support of his children. However, a witness for appellee admitted that the children were receiving "small checks" in Social Security disability benefits from some source; appellant stated that since 1972, his children had received Social Security disability checks on his behalf. Appellant has been incarcerated since 1974; except for one month in 1978, when he was released on parole, his income since 1974 from all sources appears to be not more than $2,100. The amount of the Social Security benefits received by the children was not adduced. Under the holding in *Horton v. Horton,* 219 Ga. 177 (132 SE2d 200), appellant is entitled to be credited with any Social Security payments made to his children on his account, and there is no evidence in this case from which the court below could find that the payments received by the children were less than the amount appellant was obligated to pay under the divorce settlement and decree. The requirements for termination of parental rights upon a finding of wilful and wanton failure to support are precisely stated in Code § 24A-3201 (a) (4), and do not permit a lesser standard for terminating

parental rights under that statute.

2. The evidence shows that appellant and the children's mother were divorced in 1972, when the children were one and three years old. The mother retained custody of the children. In 1974 her home circumstances came to the attention of the Colquitt County Department of Family and Children Services. In 1976, temporary custody of the children was awarded to that department; since that time the children have lived in foster care with their maternal grandparents. Appellant was, and there is evidence he still is, a drug addict, involved with at least heroin and cocaine. His criminal record began in Juvenile Court in 1963; in 1966, he was convicted of burglary and, after entering the Army as a condition of probation, went "AWOL" several times and finally received an "undesirable discharge." In 1974 he was convicted of burglary and violation of the Georgia Controlled Substances Act in Colquitt County and Mitchell County and served three years and nine months at Reidsville until paroled in May, 1978. For five weeks he worked in salvage or housewrecking with his brother until June 5, 1978, when he was arrested in Clarke County on charges, still pending at the time of the hearing below, of three counts of burglary, one count of motor vehicle theft, and aggravated assault involving the stabbing of two persons in an Athens apartment. His mother testified she heard him tell an officer he went into one of the places alleged to have been burglarized, a veterinary office, to get drugs. Appellant was re-incarcerated on revocation of his parole. During his five weeks of freedom in Athens, appellant did not visit or directly contact his children in Moultrie. Not including any amount the children have received in Social Security benefits on his account, he has paid only $65 toward their support since 1972. While at Reidsville from 1974 until 1978, he received as much as $1,700 for leather work, and earned at least $100 per week during the five weeks in 1978 that he was released on parole, but gave no portion of this in support of his children. It thus appears that appellant is or has been a illegal user of heroin and other controlled substances, has a record of felony arrests since before the children's births, has spent more than a third of

their lives in prison, and has not provided a home for the children since they were one and three years old. There was no evidence from which the juvenile court could find that this pattern, or appellant's circumstances, will change or be remedied. The evidence here is sufficient to find that insofar as the appellant is concerned the children are deprived and that the deprivation is likely to continue and will not be remedied, and that the children will suffer serious mental, physical, and emotional harm. See especially *In the Interest of: A. A. G.,* 146 Ga. App. 534 (246 SE2d 739). While the termination of parental rights is a severe measure, a termination hearing seeks above all else the welfare of the child, and in determining how the best interest of the child is served, the juvenile court is vested with a broad discretion which will not be controlled in the absence of manifest abuse. *Yde v. Yde,* 231 Ga. 506, 507 (202 SE2d 423); *Childers v. Clayton County Dept. of Family &c. Services,* 147 Ga. App. 825, 826 (250 SE2d 564); *In the Interest of A. A. G.,* supra, *Elrod v. Hall County Dept. of Family &c. Services,* 136 Ga. App. 251, 255-257 (220 SE2d 726) and cits. We find that the evidence was sufficient to meet the requirements of Code § 24A-3201 and the court below did not abuse its discretion in terminating appellant's parental rights.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 10, 1979 — DECIDED OCTOBER 26, 1979.

*Michael A. Sherling,* for appellant.

*Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Assistant Attorney General, Larkin M. Fowler, Jr.,* for appellee.