## 60508. CHANCEY v. DEPARTMENT OF HUMAN RESOURCES.

BANKE, Judge.

This is an appeal by the mother of a two-year-old child from an order terminating her parental rights. The child has lived in foster care its entire life, the Department of Human Resources having applied for and obtained temporary custody less than a month after its premature birth. The application for temporary custody alleged that the child had "special needs" as a result of its premature birth and that the parents had "no suitable plans to insure that the child will receive the proper care and supervision necessary for its physical well-being." The trial court apparently transferred custody without ever holding a hearing on the application.

The petition for termination of parental rights, filed two years later, alleges that the child is deprived for the following reasons: "The mother and the father of the child have failed to support the minor child, since the date the child was placed in foster care. They have failed to maintain suitable housing and furnishings for the return of the child. They have failed to keep regular and full-time employment, but they have visited the child regularly. The mother remains immature and unable to care for the minor child. The father remains irresponsible to assist and support the mother in the care of the child, or provide for the child's needs. [D]espite continued efforts by the Department, the parents have failed to show any consistent degree of desire to raise the child and care for the child."

The only witnesses to testify at the hearing on the termination petition were the parents themselves, both of whom appeared without counsel and testified only under cross examination. The appellant stated that she had been only 14 years old when the child was born, that she had lived in various places since then, sometimes with the father and sometimes not, and that she and the father currently resided together in a motel. She further testified that she had not been employed since the child was born and that she had no prospects for future employment. The father testified that although he had been steadily employed as a pulpwood worker since the child's birth, he had made no contribution to its support other than to purchase clothes and other gifts on occasion. The evidence does not reveal whether or not the parents were married. The juvenile court terminated both their parental rights, and the mother has appealed, contending that the evidence was insufficient to support the termination order and that the court erred in failing to apprise her of her right to appointed counsel in accordance with Code Ann. § 24A-2001. *Held:*

1.  There has been considerable conflict in our decisions over the past several years as to what constitutes proof that a child is "deprived" so as to authorize a termination of parental rights pursuant to Code Ann. § 24A-3201 (a) (2) (Ga. L. 1971, pp. 709, 747; as amended through Ga. L. 1977, pp. 181, 182). Some decisions have held that termination is authorized whenever it appears to be in the child's best interests, regardless of whether the parent has been guilty of any misconduct with respect to the child. See *Blair v. DFCS,* 135 Ga. App. 312 (217 SE2d 457) (1975); *Cox v. DHR,* 148 Ga. App. 43 (5) (250 SE2d 839) (1978); *Hood v. DHR,* 150 Ga. App. 219 (257 SE2d 340) (1979); *Hainut v. Houston Co. DFCS,* 154 Ga. App. 556 (269 SE2d 61) (1980). Accord, *Roberts v. State of Ga.,* 141 Ga. App. 268 (233 SE2d 224) (1977); *Banks v. DHR,* 141 Ga. App. 347 (233 SE2d 449) (1977); *Powell v. DHR,* 147 Ga. App. 251 (1) (248 SE2d 553) (1978). In other cases, however, the court has insisted on evidence of "profoundly detrimental and egregious parental misconduct." See *R. C. N. v. State of Ga.,* 141 Ga. App. 490, 492 (233 SE2d 866) (1977); *Leyva v. Brooks,* 145 Ga. App. 619, 623-625 (244 SE2d 119) (1978); *Madray v. DHR,* 146 Ga. App. 762 (247 SE2d 579) (1978); *Collins v. Martin,* 154 Ga. App. 250 (267 SE2d 858) (1980); *Patty v. DHR,* 154 Ga. App. 455 (269 SE2d 30) (1980).

In yet a third, and by far the largest class of cases, the court has paid homage to the "welfare of the child" standard but has upheld termination of parental rights only in the face of evidence showing either gross misconduct or some physical or mental disability which would have authorized a finding that the parent was unfit. See *In re Levi,* 131 Ga. App. 348 (206 SE2d 82) (1974); *Spence v. Levi,* 133 Ga. App. 581 (211 SE2d 622) (1974); *George v. Anderson,* 135 Ga. App. 273 (217 SE2d 609) (1975); *Moss v. Moss,* 135 Ga. App. 401 (218 SE2d 93) (1975); *Elrod v. Hall County DFCS,* 136 Ga. App. 251 (220 SE2d 726) (1975); *Brown v. Fulton County DFCS,* 136 Ga. App. 308 (2) (220 SE2d 790) (1975); *Murray v. Hall County DFCS,* 137 Ga. App. 291 (223 SE2d 486) (1976); *In the Interest of K.C.O.,* 142 Ga. App. 216 (235 SE2d 602) (1977); *Watkins v. DHR,* 143 Ga. App. 208 (237 SE2d 696) (1977); *In the Interest of A.A.G.,* 146 Ga. App. 534 (246 SE2d 739) (1978); *Childers v. Clayton County DFCS,* 147 Ga. App. 825 (250 SE2d 564) (1978); *Roberson v. DHR,* 148 Ga. App. 626 (252 SE2d 57) (1979); *Wynn v. DHR,* 149 Ga. App. 559 (254 SE2d 883) (1979); *Avera v. Rainwater,* 150 Ga. App. 39 (256 SE2d 648) (1979); *Kilgore v. DHR,* 151 Ga. App. 19 (258 SE2d 680) (1979); *Cox v. DHR,* 151 Ga. App. 257 (3) (259 SE2d 664) (1979); *Henderson v. DHR,* 152 Ga. App. 74 (2) (262 SE2d 241) (1979); *Shover v. DHR,* 155 Ga. App. 38 (270 SE2d 462)(1980); *Gardner v. Lenon,* 154 Ga. App. 748 (270 SE2d 36)(1980). Accord, *In the Interest of J.C.,* 242 Ga. 737 (1,2) (251 SE2d 299) (1978);

*In the Interest of M.A.C.,* 244 Ga. 645 (5) (261 SE2d 590) (1979).

In the recent case of *Ray v. DHR,* 155 Ga. App. 81 (2) (270 SE2d 303) (1980), the conflict between the two standards was confronted and resolved in favor of the unfitness requirement. Specifically, the court held that "it is not proper to consider the question of termination of parental rights based solely upon a 'welfare of the child' test, without some required showing of parental unfitness, caused either by intentional or unintentional misconduct resulting in abuse or neglect of the child, or by what is tantamount to physical or mental incapability to care for the child." *Ray v. DHR,* supra, at 88. Based on a review of all of the past authorities interpreting Code Ann. § 24A-3201 (a) (2), we reaffirm that this is the proper standard for review. We therefore overrule *Blair v. DFCS,* supra; *Cox v. DHR,* supra; *Hood v. DHR,* supra; *Hainut v. Houston County DFCS,* supra, insofar as they hold that parental rights may be terminated *solely* upon a determination that such action is in the best interests of the child, without any evidence of parental fault or incapacity. We also overrule any language in our other decisions cited herein purporting to establish such a rule.

There is no indication in the case before us that the appellant has ever engaged in any misconduct detrimental either to her own child or to any other child. Nor is there any evidence that she suffers from a mental or physical condition which renders her incapable of caring for a child. The evidence showed only that at the time of the hearing she was 16 years old, unemployed, without prospects for future employment, and without any stable living arrangements. This was insufficient as a matter of law to authorize the termination of her parental rights pursuant to Code Ann. § 24A-3201 (a) (2).

2. In light of the foregoing, it is unnecessary to consider the remaining enumerations of error.

*Judgment reversed. Deen, C. J., Quillian, P. J., McMurray, P. J., Smith, Shulman, Birdsong, Carley and Sognier, JJ., concur.*

ARGUED SEPTEMBER 4, 1980 — DECIDED NOVEMBER 6, 1980.

*Gina Bailey, Mary R. Carden, John L. Cromartie,* for appellant.
*Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Assistant Attorney General, Roger Dodd,* for appellee.