66304. CAIN et al. v. DEPARTMENT OF HUMAN RESOURCES.

QUILLIAN, Presiding Judge.

The Georgia Department of Human Resources filed this petition in the Juvenile Court of Cobb County to terminate the parental rights of Gerald and Carol Cain in their eight minor children — ages 2 to 11 years. The petition alleged the children were deprived and such deprivation was likely to continue and would not be remedied, and by reason thereof the children would probably suffer serious physical, mental, and moral or emotional harm if the children were returned to the custody of their parents from the foster homes where they had been placed.

The evidence reflected that the children had not been provided a stable home environment as they had moved approximately 30 times since 1970. The children did not attend school regularly, were undisciplined, and generally uncared for and emotionally neglected. "The entire house reeked of food, urine and feces." One witness found that the Cains used the floor for a bathroom, and urine and feces were found in various places within the house. At one time they raised 30 chickens in the house with the children. "[N]ew clothes were piled down there in the floor with the tags never taken off them." A case worker who inspected the home found the front door "nailed and boarded shut." The children had to enter through a window to gain entry. There were two beds. The males slept in one bed and the females slept in the other. "[B]oth mattresses were filthy, urine-soaked, had moldy food on top of them." The children used

clothes to clean themselves rather than toilet tissue after going to the bathroom. The children were filthy and their hair was matted. Their next door neighbor testified: "I am talking about in the summer they didn't have any clothes on, in the winter they didn't have clothes on. They never wore clothes, so to speak." Another neighbor stated "three or four different times I saw them, not all of them at one time, there would be two or three or maybe three or four of them, out without a rag of clothes on and it sleeting and raining . . . I mean nothing, not even a sock, a shoe, a pair of panties, they was [sic] buck naked."

There was evidence that the children lacked even minimal medical or dental care. A case worker found "the children were sick . . . two or three were sick with strep throats. Several had bronchitis and ear infections . . . several of the children did not have hearing, due to infection and fluids in their ears." Thus, the Cobb County Department of Family and Children's Services began to evaluate the Cain children emotionally, physically, and medically. The older children were shy and withdrawn. One seven-year-old child had the language of a two-year-old. "What language they did have was very difficult to understand because their articulation was very poor. They presented as withdrawn, non-verbal, disturbed children, quite retarded, in poor physical shape." Rather than speak the children would point and gesture toward what they wanted. A clinical psychologist testified: "I would say that the Cains were the most out-of-control — I'm talking about the children — that I have seen. And also, their appearance was probably as bad as anybody I've ever seen." The four oldest children "were found to be the most disturbed. They showed autistic-like behavior, where they just shut off their environment. They showed regressive behavior to animalistic kind of repertoires, where the coward (sic) screamed . . ."

The trial court issued an eight-page order containing its findings of fact, conclusions of law, and termination of parental rights. It found that it had jurisdiction as all of the children resided in foster homes in Cobb County, and that the parents failed to provide a stable home environment, the children were generally filthy, they resided in a house with human and animal waste in the living area, the family did not use proper hygiene and they had a strong, offensive odor, the parents provided no routine health care for the children, and the children did not have adequate clothing for cold weather. The psychologist found that the low intelligence levels of the older children were "directly attributable to deprivation in the home of their natural parents" and that the younger children had higher intelligence levels as a result of being placed in foster homes. The court listed over 24 agencies, organizations and individuals, who had

provided the families with great quantities of food and clothing, but they were not properly utilized for the benefit of the children. The court also found that while Mr. Cain professed an inability to work, one witness indicated that he did have the ability to work and had performed very demanding physical labor. The Cains appeal the termination of their parental rights. *Held:*

1. We find that the trial court made detailed, explicit, appropriate, and sufficient findings of fact and conclusions of law. *Moss v. Moss,* 135 Ga. App. 401 (1) (218 SE2d 93); *Watkins v. Dept. of Human Resources,* 143 Ga. App. 208 (237 SE2d 696); *Roberson v. Dept. of Human Resources,* 148 Ga. App. 626 (252 SE2d 57); *Griffith v. Dept. of Human Resources,* 159 Ga. App. 649 (284 SE2d 666).

2. The order of the trial court terminating the Cains' parental rights is amply supported by the evidence.

3. The Juvenile Court of Cobb County had venue of this action. This petition was brought under Code Ann. § 24A-3201 (now OCGA § 15-11-51). Under Code Ann. § 24A-1101 (now OCGA § 15-11-15) "[a] proceeding under this chapter may be commenced in the county in which the child resides." The children resided in foster homes in Cobb County. Venue lies in Cobb County. *In the Interest of R. A. S.,* 249 Ga. 236 (290 SE2d 34).

4. We have thoroughly examined the record and the transcript and find no evidence of ineffectiveness of counsel. Appellate counsel's brief refers mostly to hearsay of the witnesses admitted in the depositions and before the trial court. This case was tried before a judge and there is a presumption, in the absence of any showing to the contrary, that a trial judge separates the legal evidence from the inadmissible in reaching his decision. *Grizzard v. Petkas,* 146 Ga. App. 318 (4) (246 SE2d 375); *Chandler v. Cochran,* 247 Ga. 184, 188 (275 SE2d 23), U. S. cert. den. 454 U. S. 872. This enumeration is without merit.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 2, 1983.

*Hansell L. Smith,* for appellants.

Gerald William Cain, Sr., *pro se,* Carol Sue Cain, *pro se.*

*Robert J. Grayson, James D. Stokes, Michael J. Bowers, Attorney General, David C. Will, Assistant Attorney General,* for appellee.