176 Ga. App. 685 (1985)
337 S.E.2d 444
IN RE S. R. J.
70967.
Court of Appeals of Georgia.
Decided November 1, 1985.
Floyd H. Farless, for appellant.
James P. Orr, for appellee.
BIRDSONG, Presiding Judge.
Termination of Parental Rights. This case revolves around a single issue: Is mental inability the equal of unfitness? The facts show that the mother is mentally retarded and has demonstrated an inability to comprehend or retain more than the simplest of parenting skills in spite of prolonged training. There is evidence that the mother has never harmed the child other than by possible neglect through forgetfulness *686 or inability to take a more appropriate course of action in the daily care of the child. The mother can perform routine, uncomplicated household chores, cook simple meals but needs the constant supervision and help of her own mother, with whom she and the infant provision and help of her own mother, with whom she and the infant reside. The state showed without significant dispute that without the constant supervision and help of the child's grandmother, the mother cannot function in a manner sufficient to raise a child. It was the opinion of the case worker and a psychologist that the mother might forget to send the child to school, to recognize and to react to illness or to make even minimal plans for the successful rearing of a child. It is not contested that so long as the grandmother is present to direct and assist in the rearing of the child, the necessary parenting skills will be present in the home. Thus, the more refined issue is whether a juvenile court can terminate a parent's right to rear and control a natural born child where the parent is mentally incapable of rearing a child but who, with ever present and capable help, can keep custody and control of a child even though ultimate responsibility is placed upon someone other than the parent.
The issue in this case has been resolved adversely to the mother's contention. In the case of In the Interest of T.R.G., 162 Ga. App. 177, 179 (290 SE2d 523), we held: "The majority of cases in this state dealing with factual situations of this type have enunciated a rule that in termination cases the welfare of a child is of paramount importance provided there is also evidence that (as pertinent to this case) the parent suffers from some mental disability that renders the parent unable to care for the child (i.e., unfit). This case clearly fits that mold. There is no dispute that as of the time of the hearing and for the foreseeable future, the appellant mother is unable to furnish proper parental care and control necessary for the [child's] physical, mental and emotional health and that these conditions and causes of deprivation are likely to continue for the foreseeable future." Of similar import is the case of Chancey v. Dept. of Human Resources, 156 Ga. App. 338, 340 (274 SE2d 728). In the instant case, the inquiry at the deprivation hearing was not whether the parent, for her misconduct, deserved to have her parental rights terminated. The question was whether the child was without proper parental care or control, subsistence, education as required by law. The evidence is uncontested that the mother, standing alone, cannot fulfill those responsibilities.
This case is not dependent upon the parenting skills of the grandmother who has no parental rights in the child, but upon the parental rights of the natural mother. The test must be whether the parent, ultimately standing alone, is capable of mastering and can effectively demonstrate the ability to utilize those parenting skills. That is the sole issue for determination. The facts disclose she alone cannot. *687 We can find no abuse of discretion on the part of the juvenile court and determine that there is ample evidence to support the decision to terminate the mother's parental rights in this case.
Judgment affirmed. Carley and Sognier, JJ., concur.