## 30973. NIX v. DEPARTMENT OF HUMAN RESOURCES.

INGRAM, Justice.

The Court of Appeals of Georgia has certified a question to this court for an answer. The question is whether an indigent parent, whose parental rights have been terminated by an order of a juvenile court on a petition filed by an agency of the state, is entitled to a paupered transcript of the proceeding in the juvenile court for use in appealing the decision of that court. The juvenile court found this child to be a deprived child and entered an order terminating the mother's parental rights to the child. The answer to the certified question is, yes—such a parent is entitled to a paupered copy of the transcript.

The state argues that in *Brand v. Montega Corp.*, 233 Ga. 35 (209 SE2d 583) (1974), and *Stone Mountain Memorial Assn. v. Stone Mountain Scenic R.*, 232 Ga. 92

(205 SE2d 293) (1974), this court held that the cost of preparation of a transcript in a civil case is not a recoverable cost of appeal. The court found in *Brand* that the expense of procuring and filing the transcript in a civil case must be borne by appellant. The state then points out that juvenile court preceedings are civil (not criminal) in nature. From these two arguments, the state extrapolates to the conclusion that this indigent mother is not entitled to a paupered transcript to appeal the juvenile court's order terminating her parental rights. We cannot accept the state's conclusion as it overlooks the unique character of juvenile court proceedings and the significant distinction in such cases vis-a-vis purely civil cases.

There can scarcely be imagined a more fundamental and fiercely guarded right than the right of a natural parent to its offspring. To terminate that right is to sever that right for the future as effectively in law as if it never had existed. It is a tearing of the flesh and it can be done by the court only under the most carefully controlled and regulated circumstances for the sake of the child. There must be compelling facts to establish the necessary lack of "proper parental care or control" justifying the government's intrusion in cutting natural family ties. See Code Ann. §§ 24A-3201 (2), and 24A-401 (h) (1).

The General Assembly wisely acknowledged the serious and often devastating consequences involved in terminating parental rights when it adopted the Juvenile Code. In Code Ann. § 24A-101 it provided the Code is to be "liberally construed to the end that children whose well being is threatened shall be assisted and protected and restored . . . and that each child coming within the jurisdiction of the Court shall receive, preferably in his own home, the care, guidance, and control that will conduce to his welfare and the best interests of the State . . ."

The Code also provides that a parent is entitled to have counsel appointed to represent that parent in the proceeding if counsel cannot be employed without undue financial hardship. See §§ 24A-1701 (d), and 24A-2001 (a). The statute referring to a "needy person" (parent) speaks of "one who at the time of requesting counsel is unable without undue financial hardship to provide for

full payment of legal counsel *and all other necessary expenses for representation."* Code Ann. § 24A-2001 (b). (Emphasis supplied.)

In addition, the Code provides that unless waived all termination hearings must be recorded by stenographic, electronic, mechanical or other appropriate means. Code Ann. § 24A-1801 (b). The General Assembly also provided for an appeal from a decision of the juvenile court. Code Ann. § 24A-3801.

It is thus quite evident that the entire legislative scheme written into the pertinent provisions of the Juvenile Code was intended to provide to an indigent parent effective representation at all stages of any proceeding involving the termination of that parent's right to his or her child. Considering the permanent jeopardy to the precious rights in issue, we conclude that the right to a paupered transcript under these circumstances is found in the Latin phrase, "inest de jure."

Therefore, we agree with the Supreme Court of Iowa in Chambers v. District Court of Dubuque County, 261 Ia. 31, 36 (152 NW2d 818) (1967), when it said: "It would be a strange interpretation [of the juvenile code] indeed if we should find that the legislature specifically gave [the parent] the right to appeal; that it specifically provided that all proceedings in juvenile court should be reported; that it specifically provided for the appointment of counsel for indigent persons, but that it nevertheless refused to permit [the parent] to pursue her statutory right to appeal solely because she was unable to afford a transcript. We are unwilling to so hold."

The question certified to this court by the Court of Appeals must be answered in the affirmative.

*Question answered in the affirmative. All the Justices concur.*

ARGUED APRIL 12, 1976 — DECIDED MAY 5, 1976.

*Jack L. Sammons,* for appellant.

*William M. House, Special Deputy Assistant Attorney General,* for appellee.