### 52802. R. C. N. v. STATE OF GEORGIA.

SMITH, Judge.

This is an appeal from an order of the Hall County Juvenile Court permanently terminating the appellant's parental rights in her child. The Hall County Department of Family & Children Services (DFCS) brought a petition in the juvenile court to have the appellant's parental rights in her newborn baby terminated. After a hearing, the court found the child to be deprived and ordered a subsequent hearing to determine whether the deprivation was likely to continue. At the subsequent hearing four months later the court found the deprivation was likely to continue and would probably cause serious harm to the child and on that basis the appellant's parental rights were terminated. The issue presented on appeal is whether there was sufficient evidence for the court to find probable continuous deprivation such that, under Georgia law, the mother's rights in her baby could be terminated. We find an insufficiency of evidence and reverse the order.

At the age of sixteen, the appellant was unmarried, unemployed, and living in a foster home. When she became pregnant her foster parents warned that she could not bring her baby into their home so she arranged for the DFCS to take temporary custody of her child after its birth until she could find employment and establish a home for the baby. After the child's birth, the DFCS took custody and allowed appellant to visit but refused to release the baby to the appellant. After about four months, the DFCS initiated proceedings to terminate the appellant's parental rights. At the first hearing, evidence was introduced to show the appellant had no reliable source of income; she aided and abetted the escape of a prisoner prior to the child's birth; she colored her language with profanity when angered; she had lived at several

addresses recently; she, and a trailer in which she lived for awhile, had been observed on occasion to be unclean; and she was seen kissing and hugging her boyfriend in public. The juvenile court found under Code § 24A-3201 (b) that the appellant's child was deprived, and temporary custody was to remain in the DFCS until the court reviewed the case to determine whether the deprivation was likely to continue. At the review, evidence was introduced to show the appellant had looked for a regular job at several places but was unsuccessful; she had missed several appointments to see her child; she had changed addresses several times but had finally settled in a mobile home with the help of her boyfriend and money earned doing odd jobs and baby-sitting; she had been in no legal trouble since the prior hearing; she had no indications of alcohol or drug usage; and she anticipated a possible marriage to her boyfriend. The court found the deprivation was likely to continue and as a result thereof the child was suffering or would probably suffer serious physical, mental, or emotional harm. Accordingly, under Code § 24A-3201, the appellant's parental rights in the child were terminated.

Seldom does the state wield so awesome a power as when it permanently cuts the family ties between parent and child. While the state may not sit blindly idle as a child suffers unconscionable hardship, neither may it blithely intercede simply because the child's lot is substandard. A mother's failure fully to live up to societal norms for productivity, morality, cleanliness and responsibility does not summarily rob her of the right to raise her own offspring, nor does it end the child's right to be raised by its own mother. As expressed by Justice Ingram in *Nix v. Dept. of Human Resources,* 236 Ga. 794, 795 (225 SE2d 306): "There can scarcely be imagined a more fundamental and fiercely guarded right than the right of a natural parent to its offspring. To terminate that right is to sever that right for the future as effectively in law as if it never existed. It is a tearing of the flesh and it can be done by the court only under the most carefully controlled and regulated circumstances for the sake of the child. There must be compelling facts to establish the necessary lack of 'proper parental care or control'

justifying the government's intrusion in cutting natural family ties."

The words of caution quoted above, together with the expressed preference for preservation of family unity found in Code § 24A-101, counsel this court against any unreasoned expansion of the type of evidence which will suffice to show deprivation, and probable continued deprivation, causing or likely to cause serious harm to the child. Code §§ 24A-3201 (b) and 24A-401 (h). To accept the evidence offered against the appellant would be, we believe, such an unreasoned expansion.

A review of parental right termination cases in *Elrod v. Hall County Dept. of Family & Children Serv.*, 136 Ga. App. 251, 255 (220 SE2d 726), found, "The thread running through these cases . . . manifests *moral unfitness, physical abuse* and *abandonment* . . ." (Emphasis supplied.) The evidence in the present case shows poverty and instability in the mother's living arrangements, but it does not show any of the profoundly detrimental and egregious parental conduct which led to termination of rights in previous cases. *In re Levi*, 131 Ga. App. 348 (206 SE2d 82) (heroin addiction and frequent abandonment); *Spence v. Levi*, 133 Ga. App. 581 (211 SE2d 622) (wilful refusal to support); *Moss v. Moss*, 135 Ga. App. 401 (218 SE2d 93) (drug usage, frequent remarriage, attempt to give other child to unqualified guardian); *George v. Anderson*, 135 Ga. App. 273 (217 SE2d 609) (father murdered children's mother and grandmother). The appellant's conduct has not been exemplary, but neither has it been so extraordinary that the state should intervene and take her child away from her permanently.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

Argued October 4, 1976 — Decided March 2, 1977.

*Jack L. Sammons, John L. Cromartie, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, William H. House, Special Deputy Assistant Attorney General, Carol*

*Cosgrove, Assistant Attorney General,* for appellee.