### 63555. HOOKS v. BALDWIN COUNTY DEPARTMENT OF FAMILY AND CHILDREN SERVICES.

QUILLIAN, Chief Judge.

This is the appeal of a mother from the termination of her parental rights to her daughter.

The termination hearing was held in May 1981. At that time appellant was 37 years old, had never married, and also had an 18-year-old retarded daughter who was a patient at Central State Hospital. The child in question was a three-and-a-half-year-old girl who had lived with her mother for the first 16 months of her life until February 1979 when appellee DFCS obtained custody of her. *Held:*

1. Appellant asserts that the evidence is insufficient to support the termination of her parental rights.

" '[I]t is not proper to consider the question of termination of parental rights based solely upon a "welfare of the child" test, without some required showing of parental unfitness, caused either by intentional or unintentional misconduct resulting in abuse or neglect of the child, or by what is tantamount to physical or mental incapability to care for the child.' " *Chancey v. Dept. of Human Resources,* 156 Ga. App. 338, 340 (274 SE2d 728).

To show appellant's unfitness as a parent DFCS produced evidence that in the period from about 1977 to early 1980, over a year prior to the hearing, there were several episodes in which appellant

became upset over minor or imagined matters, causing her either to cry, scream at or curse and sometimes threaten whomever she believed was the cause. The child was not present during these outbursts and there is no evidence that appellant ever physically harmed anyone. In most instances the object of her ire was DFCS workers, some of whom had been dealing with appellant concerning the older retarded daughter before the younger was born. A case worker testified that appellant had altercations with some of her neighbors because of verbal and other abuse she was receiving from them and was advised to ignore them. Conduct of this nature apparently led to DFCS obtaining temporary custody of the child in February 1979 when appellant was arrested after an altercation with a DFCS worker concerning the older daughter and police authorities asked DFCS to care for the child. Appellant was an inhabitant of a low income housing project, did not get along well with her neighbors and usually stayed in her own home.

Appellant was shown to drink on occasion, especially on weekends. Drinking did not appear to be involved when appellant became upset with DFCS workers, however. Appellant completed an alcohol rehabilitation course as a result of being cited for DUI, and her testimony that she had not had a drink in the six months preceding the hearing was undisputed.

A psychological evaluation of appellant made in April 1979, after DFCS took custody of the child, was put in evidence. Because the evaluating psychologist stated in cross-examination that the evaluation was no longer current, the trial court stated that it did not consider it. However, the evaluation does indicate that appellant is mildly retarded with episodes of drinking and aggression; that she is able to care for her own needs and manage a simple household; and that she can read and write and do simple arithmetic. The report also stated that appellant feels a desperate need to keep her children and will fight for their custody.

Except for some neighbors' testimony that when she had custody appellant once poked the child and made her cry and at another time hit her, there is no showing that the child was abused or not properly cared for by appellant. Nor is there any evidence that appellant's home is an unfit place for the child to live. There is testimony from neighbors that appellant properly cared for the child when she had custody of the child and did not abuse her. Appellant is apparently able to support herself and the child on social security disability payments and a one day a week job as a domestic. Appellant did not miss any of her visits with the child, walking to them from her house. A DFCS case worker who observed parts of the visits testified that appellant did not play with the child, stimulate language

development by reading to the child, or discipline her, and let her play by herself. However, the worker admitted that appellant may have been afraid to discipline for fear of being accused of abusing the child.

Evidence of whether the child is deprived is slight. It consisted of testimony that the child was behind in her language development, is improving, and in all else is average. These observations were made after the child had been in DFCS custody for over 26 months and attending a school. The child was taken from appellant at the age of 16 months when it presumably had little or no language skills. Under these circumstances it is difficult to attribute any delay in language skill development to appellant.

Not only is the evidence of deprivation unpersuasive, but the evidence of parental unfitness is not compelling.

While appellant may be slightly retarded, drinks on occasion, and demonstrates animosity towards DFCS workers, the evidence presented simply does not clearly and convincingly demonstrate that appellant is an unfit parent. The evidence to the contrary is more compelling.

" 'The appellant's conduct, while not exemplary, cannot be said to be so profoundly detrimental or egregious as to permanently terminate her rights to her child.' See *Shover v. Dept. of Human Resources,* 155 Ga. App. 38 (270 SE2d 462) (1980); *Patty v. Dept. of Human Resources,* 154 Ga. App. 455 (269 SE2d 30) (1980)." *Harper v. Dept. of Human Resources,* 159 Ga. App. 758, 760 (285 SE2d 220).

Compelling facts are required to terminate parental rights. *Nix v. Dept. of Human Resources,* 236 Ga. 794, 795 (225 SE2d 306); *Griffin v. Walker County DFCS,* 159 Ga. App. 63, 65 (282 SE2d 705). Compare, *Miele v. Gregory,* 248 Ga. 93 (2), 95 (281 SE2d 565); *Bozeman v. Williams,* 248 Ga. 606, 607 (285 SE2d 9). We find the facts are not sufficiently compelling for termination in this case.

2. The remaining enumeration need not be addressed.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED APRIL 16, 1982.

*Milton Gardner, Jr.,* for appellant.

*Michael J. Bowers, Attorney General, Robert S. Stubbs, Executive Assistant Attorney General, H. Perry Michael, Senior Assistant Attorney General, Vivian Davidson Egan, George M. Stembridge, Jr., Mark H. Cohen, Carol Atha Cosgrove, Assistant Attorneys General,* for appellee.