63448. IN THE INTEREST OF T. R. L. et al.

SOGNIER, Judge.
The Juvenile Court of Gwinnett County terminated appellants' parental rights to three of their four children. The trial court found that the parents had exhibited profoundly detrimental and egregious misconduct indicating their physical and mental incapability to care for the children, who were without proper parental care and control necessary for their physical, mental and emotional health.

Appellants contend that the evidence is insufficient to support the trial court's order terminating their parental rights. The trial court based its decision primarily on the fact that appellants and their children resided with the mother's stepfather, who on one occasion caused severe bruises on one of the children and on another occasion severely beat another of the children. The stepfather was indicted and convicted of cruelty to children as a result of the second incident.

The evidence also disclosed that the two children had been

removed from the home and placed in the temporary custody of the Department of Human Resources following the second incident. The trial court also found that appellants had not supported the children while they were in the temporary custody of DHR. At the time of the hearing, appellants were living in the home of the stepfather of the mother; three of their four children had been placed in the temporary custody of the Department of Human Resources and were living in foster homes.

There was no valid court order requiring appellants to support the children while in the custody of DHR, and the trial court specifically noted that lack of support in the instant case did not constitute abandonment.

There was no evidence that appellants themselves had abused or neglected their children except for an incident in 1977 when the children were removed from the parental home because it was not heated and the children were suffering from exposure. The caseworker testified that the home in which appellants were presently living was adequate and that, if the stepfather were not in the home, it would be reasonable to leave the children with their parents. There was also uncontroverted evidence that the stepfather was to move out of the house within a few days of the hearing. The attorney for *appellee* stated in his closing argument that in his view there was no evidence of profoundly detrimental or egregious misconduct on the part of the parents.

Appellee argues that appellants have displayed that they are incapable of caring for their children by their inaction in failing to move out of the stepfather's house. For this reason, DHR argues the evidence is sufficient to terminate parental rights. We do not agree.

Termination of parental rights is a severe measure. *Painter v. Barkley,* 157 Ga. App. 69, 70 (276 SE2d 651) (1981). The authority to terminate parental rights is given to the trial judge where it finds the child deprived and where the conditions and cause of the deprivation are likely to continue. Code Ann. § 24A-3201 (a) (2). In order for a trial court to terminate parental rights, there must be a showing of parental unfitness, caused either by intentional or unintentional misconduct resulting in abuse or neglect of the children, or by what is tantamount to physical or mental incapability to care for the children. *Ray v. Dept. of Human Resources,* 155 Ga. App. 81, 88 (270 SE2d 303) (1980); *Chancey v. Dept. of Human Resources,* 156 Ga. App. 338, 340 (274 SE2d 728) (1980); *Griffin v. Walker County &c. Services,* 159 Ga. App. 63, 64 (282 SE2d 705) (1981).

Our decisions have taken a stern view in cases of parental termination, sustaining such rendering only where there is evidence of profoundly detrimental and egregious parental misconduct

underlying the deprivation and probable continued deprivation. *Shover v. Dept. of Human Resources,* 155 Ga. App. 38, 40 (270 SE2d 462) (1980). The evidence in this case does not support a finding that these parents are unfit, nor that the conditions and causes of any deprivation are likely to continue. Compelling facts are required to terminate parental rights; the facts here are not sufficiently compelling to warrant such a severe measure as termination of parental rights. *Hooks v. Baldwin County &c. Services,* 162 Ga. App. 142 (290 SE2d 356) (1982). Accordingly, we reverse the trial court's order terminating appellants' parental rights.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 21, 1982.

*Macklyn A. Smith, Sr.,* for appellant.

*Michael J. Bowers, Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, H. Perry Michael, Carol Atha Cosgrove, Senior Assistant Attorneys General, James A. Henderson, Vivian D. Egan, Assistant Attorneys General, Mark H. Cohen, Staff Assistant Attorney General,* for appellees.