70478. IN THE INTEREST OF A. L. R.
(332 SE2d 169)

BANKE, Chief Judge.

On appeal from an order terminating her parental rights with respect to her daughter pursuant to OCGA § 15-11-51 (a) (2), the appellant contends that the evidence was insufficient to support the court's ruling.

The evidence shows that the child was born out of wedlock when the appellant was 14 years old. In May of 1982, the Department of Family and Children Services was notified by the local health department officials that the child, then 18 months old, had never been immunized, and for several months thereafter, the department attempted to locate the appellant to insure that the child's medical needs were met. There was evidence that during that period the appellant had been in Florida for three months, where she was detained by juvenile authorities for prostitution. Upon her return to Georgia, she moved several times in rapid succession and lived with three different men. In September of 1982, the department discovered that the child was living in a trailer with 10 or 11 people, none of whom had seen the appellant for several weeks. The child was dressed in a filthy T-shirt and diaper, and the bottom half of her body was covered with infectious impetigo. Her foot was so infected and swollen that she could not stand on it. The department obtained custody of the child at this time and placed her in foster care.

There was testimony that during the following two years, the appellant declined efforts provided by the department to help her acquire the skills necessary to properly assume responsibility for the child and that she had no contact with the child during the nine months preceding the termination hearing. She apparently did not work during this entire period, nor did she attempt to continue her

education, which ended with the ninth grade. She remains unmarried, and her current live-in boyfriend is himself disabled and unable to work. *Held*:

"Termination of parental rights is a severe measure. [Cit.] The authority to terminate parental rights is given to the trial judge where it finds the child deprived and where the conditions and cause of the deprivation are likely to continue (OCGA § 15-11-51 (a) (2) (Code Ann. § 24A-3201)). In order for a trial court to terminate parental rights, there must be a showing of parental unfitness, caused either by intentional or unintentional misconduct resulting in abuse or neglect of the children, or by what is tantamount to physical or mental incapability to care for the children. [Cits.]" *In the Interest of T. R. L.*, 162 Ga. App. 659, 660-661 (292 SE2d 518) (1982). See also *Chancey v. Dept. of Human Resources*, 156 Ga. App. 338 (274 SE2d 728) (1980).

The evidence presented in this case was more than adequate to establish such a showing and to support the termination of appellant's parental rights.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED JUNE 5, 1985.

*Robert E. Bergman*, for appellant.

*George F. Nunn, H. Perry Michael, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, David C. Will, Assistant Attorney General*, for appellee.