502

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

73239. IN RE B. G. et al.
(349 SE2d 509)

BANKE, Chief Judge.

The appellant appeals the termination of her parental rights with respect to four of her minor children, whose approximate ages when the termination hearing took place, in October of 1985, were 4, 6, 7, and 8. The appellant evidently gave birth to another child during the pendency of the proceedings, but her parental rights with respect to that child were not in issue.

A Department of Family and Children Services (DFCS) child protective services caseworker who had been involved in the case since 1980 testified that on numerous visits to the appellant's residence she had found the children to be dirty and at times without available food or clean clothing. The children were placed in emergency shelter care in March of 1984, after an acquaintance of the appellant called the DFCS to report that the appellant had left the children in her care several days earlier, ostensibly for a couple of hours, and had failed to return for them. The appellant was subsequently convicted of abandonment as a result of that incident. There was evidence that she visited the children only three times after they were placed in foster care, with the last visit having occurred in November of 1984.

There was testimony that the appellant had changed residences eight times over the past five years and that she suffered from alcohol abuse. A clinical psychologist who had examined her at the request of the DFCS testified that her IQ was in the bottom percentile of the population and that she showed signs of organic brain damage, possibly caused by alcohol abuse. He stated that, in his opinion, she would never be able to learn proper parenting skills or obtain even unskilled employment. A vocational rehabilitation specialist employed by the

Department of Human Resources testified that, based on the appellant's performance on certain tests he had administered to her, he was of the opinion that there was "no reasonable expectation [that] through our services, rehabilitation services, . . . she will be able to become gainfully employed." Finally, there was testimony from the DFCS caseworker responsible for monitoring the children's foster care that three of the four children were developmentally delayed when placed in foster care, one of them severely so, but that the two less severely delayed children had improved significantly while in foster care. *Held:*

1. There was clear and convincing evidence in this case to support a finding that the children were deprived; that the conditions and causes of their deprivation were likely to continue; and that, by reason of such deprivation, they were suffering and would probably continue to suffer serious mental, moral, and emotional harm. See generally former OCGA § 15-11-51 (a) (2), as it existed prior to its repeal in 1986 (Ga. L. 1986, p. 1017, § 4) and its replacement by OCGA § 15-11-81. There was also clear and convincing evidence to support a finding that this deprivation had resulted from parental unfitness on the part of the appellant, "caused either by intentional or unintentional misconduct resulting in abuse or neglect of the children, or by what is tantamount to physical or mental incapability to care for the children. [Cits.]" *In the Interest of T. R. L.*, 162 Ga. App. 659, 660-661 (292 SE2d 518) (1982). See also *Chancey v. Dept. of Human Resources*, 156 Ga. App. 338 (274 SE2d 728) (1980). It follows that the order terminating the appellant's parental rights with respect to the four children in question was supported by sufficient evidence.

2. In a single enumeration of error, the appellant contends that she was prejudiced on 14 occasions by the admission of improper testimony over her objection. We have examined each of the rulings complained of and have determined that they afford no ground for reversal.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 24, 1986 —
REHEARING DENIED OCTOBER 8, 1986

*Michael C. Smith*, for appellant.
*Jack Kirby, Michael J. Bowers, Attorney General, David C. Will, Assistant Attorney General*, for appellees.