75038. IN THE INTEREST OF C. T. et al.
(365 SE2d 117)

BANKE, Presiding Judge.
The appellant brings this appeal from an order terminating her parental rights with respect to her three minor children.

When the termination hearing was held, in October of 1986, the children were 9, 11 and 15 years of age, respectively. The Department of Family and Children Services (DFCS) first became involved with the children in June of 1984 and in August of 1984 obtained custody of them pursuant to an "Order of Deprivation" issued by the juvenile court. Custody of the children was restored to the appellant from October of 1984 through September of 1985, but she voluntarily re-

turned them to the DFCS at the end of that period, due to the fact that she was about to begin service of a six-week jail sentence for non-payment of a fine. She has not had custody of the children since. The two younger children are apparently now residing with their father.

After completing her jail sentence, the appellant agreed to meet certain goals as a prerequisite to regaining custody of her children. These included applying for AFDC benefits or food stamps, maintaining a clean home and seeking employment. The evidence showed that the appellant subsequently failed to secure adequate housing for the children or to maintain a clean home, failed to provide adequate food for the children during weekend visits, demonstrated little initiative towards staying employed, and resisted applying for AFDC benefits as a method of providing for the children. However, there was no evidence suggesting that the appellant has ever engaged in any physical or sexual abuse of the children or exposed them to alcohol or drug abuse, nor was it shown that she suffers from any mental deficiency or other condition which might, in and of itself, have an adverse effect on the children.

The juvenile court terminated the appellant's parental rights pursuant to OCGA § 15-11-81, based on findings that the children were deprived and would continue to be deprived due to the appellant's demonstrated inability to provide them either with emotional support or with the "basic necessities" of life and that such deprivation was causing and would continue to cause serious physical, mental, emotional, and moral harm to the children. *Held*:

While the evidence of record certainly would support a determination that the appellant is unfit to care for the children on a day-to-day basis, there is no evidence which suggests that the children, who are not living in the appellant's custody, are currently suffering or are in danger of suffering in the future any serious physical, mental, emotional, or moral harm due to *mere continuance of their relationship* with the appellant on a visitation basis. See generally OCGA § 15-11-81 (b) (4) (A) (iv). Indeed, the trial court's findings suggest that it is lack of contact rather than contact with the mother which has caused the deprivation on which the termination was based.

Were there at least some suggestion in the record that termination of the appellant's parental rights would enable the children to achieve a more stable home life through adoption, then perhaps a basis for termination would be evident. See *In re G. M. N.*, 183 Ga. App. 458, 461 (359 SE2d 217) (1987). However, the contrary would appear to be the case. The two younger children are living with their father, and the remaining child is now 16 years old.

"Seldom does the state wield so awesome a power as when it permanently cuts the family ties between parent and child." *R. C. N. v. State of Ga.*, 141 Ga. App. 490, 491 (233 SE2d 866) (1977). See also

*Nix v. Dept. of Human Resources,* 236 Ga. 794 (225 SE2d 306) (1976); *Blackburn v. Blackburn,* 249 Ga. 689, 692 (292 SE2d 821) (1982). In order to warrant a severance of parental rights pursuant to OCGA § 15-11-81 (b) (4) (A) based on parental misconduct or inability, there must be clear and convincing evidence to support findings not only that the child is deprived due to lack of proper parental care and control but also that, in the absence of judicial intervention, such deprivation will continue, likely resulting in "serious physical, mental, emotional, or moral harm" to the child in the future. Surely, there is implied in the language of this statutory provision a requirement that the termination will have some beneficial effect on the situation, i.e., that it can be expected to ameliorate the "serious physical, mental, emotional, or moral harm" which the child would otherwise likely suffer.

Finding no evidence whatever in the present case which would suggest that the mere continued existence of a parental relationship between the appellant and her children would result in any harm to the children or serve in any way as an impediment to their future development, we must conclude that no basis for termination has been established. Accord *In re N. F. R.,* 179 Ga. App. 346 (346 SE2d 121) (1986). We emphasize, however, that we by no means intend to imply by this ruling that the appellant is entitled to regain custody of her children. Indeed, it is the fact that other living arrangements are in place for the children and the nature of those arrangements which leave us at a loss to understand why the appellant and her children should be forced to sever their remaining ties with each other.

*Judgment reversed. Deen, P. J., McMurray, P. J., Sognier, Pope, and Beasley, JJ., concur. Carley, J., dissents. Birdsong, C. J., and Benham, J., dissent in judgment only.*

CARLEY, Judge, dissenting.

Because it is my opinion that the majority has made its own determination of the weight of the evidence in this case, I respectfully dissent.

In order to view this case from the proper appellate perspective, let us look at excerpts from the findings of the trial court made on the basis of the evidence presented before him: "The Court finds by clear and convincing evidence that the children are deprived in that they lack the physical presence of the mother and the mother's physical providing of their needs, that they are further deprived because the mother has not provided any emotional support to the children. The Court further finds that this deprivation is due to a lack of proper parental care and control in that the mother has failed . . . significantly for a period of one year to provide for the care and support of the children as required by the judicial Orders of this Court and has

failed to comply with the Court ordered plan designed to reunite the children with her. The Court further finds that the failure of the mother to so provide is without justifiable cause on the part of the mother. The Court finds that the actions of the mother in her refusal to cooperate with the Department of Family and Children Services, and in her failure to accomplish the goals as stated by the Court in its reviews of the matter as well as the mother's continued failure to secure employment and housing and her continual failure to cooperate with the Court and with the Department of Family and Children Services indicates that the deprivation will continue and is likely to continue and will not likely be remedied. The Court further finds that the continued deprivation will and is likely to cause serious physical, mental, emotional, and moral harm to the children involved, that the actions of the older daughter and the testimony concerning the behaviors of the two sons while in the mother's custody indicates that said mental and emotional harm has already occurred and that the mere non-presence of the parent in the home and the failure of the mother to provide the basic necessities of a home and food for the said children, and that parent's reliance on others to do the same for her will cause serious emotional harm to the said children. . . . The Court further finds that after considering the physical, mental, emotional, and moral conditions of the child as well as the needs of the children, especially the need for the children to have a secure and stable home, it is in the best interest of these children that the termination of the parental rights of the mother be had."

Even in the face of these findings by the trial court, which are supported by a transcript of the evidence upon which these findings are based, the majority makes its own determination that "there is no evidence which suggests that the children, who are not living in the appellant's custody, are currently suffering or are in danger of suffering in the future any serious physical, mental, emotional, or moral harm due to the mere continuance of their relationship with the appellant." (Majority opinion, page 562.) Quite to the contrary, I believe that "[t]he strictures of OCGA § 15-11-81 were met in this case and well supported by 'clear and convincing evidence' of continued deprivation and parental unfitness; the finding of the trial court [should] not be set aside. [Cits.]" *In re G. M. N.*, 183 Ga. App. 458, 461 (359 SE2d 217) (1987).

The majority "opinion [reviews] the evidence presented below and [applies] the clear and convincing evidence test. *But, this is not the function of a reviewing court.* The factfinding and weighing of evidence is to be done in the trial court under the clear and convincing evidence test. The reviewing court is to defer to the lower court in the area of factfinding and should affirm unless the appellate standard of review, here the rational factfinder test of *Blackburn*, is not

met. When we apply the test here we note the conflicting evidence presented to the trial court and conclude that a rational factfinder could have found by clear and convincing evidence that the [parental rights of appellant should be terminated]." (Emphasis supplied.) *In re B. D. C.*, 256 Ga. 511, 513 (350 SE2d 444) (1986). I would affirm the judgment of the trial court and, therefore, I dissent.

### ON MOTION FOR REHEARING.

On motion for rehearing, the appellee contends that the termination order was authorized by OCGA § 15-11-81 (b) (4) (C), which provides, in pertinent part, as follows: "In addition to the considerations in subparagraph (B) of this paragraph, where the child is not in the custody of the parent who is the subject of the proceedings, in determining whether the child is without proper parental care and control, the court shall consider, without being limited to, whether the parent without justifiable cause has failed significantly for a period of one year or longer prior to the filing of the petition for termination of parental rights: . . . (iii) To comply with a court ordered plan designed to reunite the child with the parent or parents."

We have not been cited by the appellee to the location in the record of any court-ordered plan designed to reunite the children with the appellant, nor have we otherwise been able to locate such a court order in the record before us.

The motion for rehearing is consequently denied.

DECIDED DECEMBER 1, 1987 — REHEARING DENIED DECEMBER 18, 1987 — REHEARING DISMISSED JANUARY 19, 1988 —

*James R. McKay*, for appellant.

*Michael J. Bowers, Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General*, for appellees.