A90A1860. IN THE INTEREST OF A. W. et al., children.
(401 SE2d 560)

SOGNIER, Chief Judge.

The mother of A. W., M. W., T. W., and B. W. appeals from the order of the Juvenile Court of Baldwin County terminating her parental rights. She contends the evidence was insufficient to support the juvenile court's action.

The record reveals that appellant was arrested for shoplifting, and when the caretaker with whom appellant then arranged to leave her children did not wish to keep the children any longer and was not providing adequate care, DFCS obtained temporary custody of the children, all under ten years old. The children's father was incarcerated as well. The children were placed in foster care, and a service agreement was formulated by DFCS with the parents stating the goals for the family, which included maintaining regular visits, establishing and maintaining a stable home with utilities, seeking and obtaining employment, providing support for the children, cooperating with the agency, and refraining from illegal activities.

At the termination hearing, testimony from DFCS caseworkers and supervisors established that none of those goals had been met. Appellant's visits were extremely irregular and frequently emotionally

disturbing to the children. Appellant and her husband do not live together and appellant has no permanent residence but has been living with various relatives and friends. She has not informed the agency of her whereabouts and at times has disappeared.

Appellant concedes that her conduct has not been exemplary, but states that she will do better in the future and argues, citing *Hooks v. Baldwin County &c. Svcs.*, 162 Ga. App. 142 (290 SE2d 356) (1982), that lack of cooperation with the agency is not sufficient grounds for terminating her parental rights. We cannot agree with appellant that her actions indicate only hostility to the agency bureaucracy. Rather, we find that here, as in *In the Interest of R. L. H.*, 188 Ga. App. 596, 597 (373 SE2d 666) (1988), "[a]ppellant has asked for an opportunity to demonstrate [her] fitness as a parent, but 'the evidence . . . suggests no prognosis of improvement. . . . (A) plea of [more time] to improve is without force to overcome the proof of unrelieved detriment already suffered by the children for (most of their) life, where there is no indication,' other than the [mother]'s vague promises, which the trial court found were not credible, that these conditions will be reversed. [Cit.]"

Although appellant testified she has sought employment and, in fact, found employment briefly several times, she was unemployed at the time of the hearing below, and although DFCS offered to assist appellant search for work by providing transportation, she has never accepted their offer. Moreover, appellant has never paid support for her children, even during the times she was employed. She did not attend the initial adjudicatory hearing on the deprivation petition or a later extension hearing, although she had been released from jail, and failed to attend any of the case panel reviews scheduled by DFCS. Parental power may be lost by failure to provide necessaries for one's child. OCGA § 19-7-1 (b) (3). See *In re B. D. C.*, 256 Ga. 511, 512 (350 SE2d 444) (1986). Failing to maintain contact with children may also result in termination of parental rights. *In the Interest of J. L. Y.*, 184 Ga. App. 254-255 (1) (361 SE2d 246) (1987). In addition, and perhaps most importantly, in the present case appellant has not refrained from illegal activities, but she has been convicted several times for shoplifting and once for giving a false name to an officer. Her probation was revoked, and she was imprisoned for six months.

The psychotherapist and social worker treating the children testified that they had bonded well with their foster families, who wished to adopt them, and that at least two of the children did not want to return to their mother's custody or were apprehensive about doing so. The experts' testimony was that the children need stability for their continued well being and that this stability would not be available to them in long term foster care, which is the only alternative if appellant's parental rights are not terminated. The severe detrimental ef-

fects of such "foster care drift" are a legitimate factor for consideration by the juvenile court. See generally *In re G. M. N.*, 183 Ga. App. 458, 461 (1) (359 SE2d 217) (1987).

"The termination of parental rights is a decision of drastic significance which requires deliberate scrutiny and caution. [Cit.] . . . On review of such a decision, the standard is whether after viewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost. [Cit.]" *In the Interest of J. L. Y.*, supra at 255 (1). Using that standard, we find the evidence in this case sufficient to support the termination order. See *In the Interest of C. M.*, 194 Ga. App. 503, 504 (1) (391 SE2d 26) (1990).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 10, 1991 —
REHEARING DENIED JANUARY 31, 1991 —

*Waddell, Emerson, George & Buice, B. Carl Buice*, for appellant.
*Michael J. Bowers, Attorney General, Carol A. Cosgrove, William C. Joy, Senior Assistant Attorneys General, Margot M. Cairnes, J. David McRee, Philip B. Spivey*, for appellee.