A95A0263. IN THE INTEREST OF M. J. T. et al., children.
(457 SE2d 265)

McMURRAY, Presiding Judge.

The Georgia Department of Human Resources acting through the Rockdale County Department of Family & Children Services petitioned the Juvenile Court of Rockdale County to terminate the parental rights of the mother of M. J. T. and of A. T., ages five and three at

---

the time of the filing of the petition. After an evidentiary hearing the juvenile court entered an order finding proper jurisdiction of the parties, parental misconduct or inability authorizing a termination of parental rights, and that it is in the best interest of the children to terminate the parental rights of the mother. The juvenile court also found that the mother's history of unrehabilitated drug abuse rendered her incapable of providing for the physical, mental, and emotional needs of the children. There were further findings that the mother has failed to provide support as provided by law and court order, and that she has failed to follow a court ordered plan designed to reunite her with her children. Based on these findings the juvenile court entered its judgment ordering the termination of the mother's parental rights to each of these two children. The mother appeals the judgment of the juvenile court, raising as her sole enumeration of error the sufficiency of the evidence to authorize the termination of her parental rights in the two children. *Held:*

The evidence shows that the children came under the custody of the department in January 1993, based upon a finding that the children were deprived. Although there are references in the evidence and in the juvenile court's termination order to an abandonment of the children at that time, this reference is apparently not to the criteria stated in OCGA § 15-11-81 (b) (3), but to one of the findings upon which the original conclusion for deprivation was predicated, that the mother had left the children with a relative for a period in excess of two weeks without making any provision for support of the children.

Thereafter, the department developed a succession of court ordered case plans designed to reunify the mother with these children. The common elements of these plans included a requirement that the mother remain drug free, submit to random drug screens, improve her parenting abilities, enter counseling, and obtain appropriate housing. Ample evidence was submitted that the mother failed to substantially comply with any of these requirements for a period greater than one year. See OCGA § 15-11-81 (b) (4) (C) and *In the Interest of B. L.*, 196 Ga. App. 807, 808 (1) (397 SE2d 156). Also, the mother failed to make significant payments of court ordered child support. The only random drug test to which the mother submitted was positive, although a later non-random drug screen scheduled by the mother was negative.

The mother argues that she did not abandon the children as evidenced by the contacts between herself and the department. She also correctly noted that there was no finding that the failure to pay child support was wilful and wanton, albeit evidence of the mother's lack of employment does not support a hypothesis that she is prepared to provide support to the children. The mother argues that her failure to avail herself of visitation is related to case plan provisions requiring a

negative drug screen as a prerequisite to visitation, but this contention is not supported by the transcript or record. Additionally, the mother has argued that the department's evaluations of her home were unnecessarily critical.

We hold that the juvenile court as a rational trier of fact was authorized to determine that the evidence provided clear and convincing proof that the biological mother's parental rights had been lost. *In the Interest of C. D. P.*, 211 Ga. App. 42, 43 (3) (438 SE2d 155). Furthermore, the evidence of past conduct strongly suggests that the deprivation would likely continue if the children were ever returned to the mother. *In the Interest of J. M. C.*, 201 Ga. App. 173, 174 (410 SE2d 368). As continued deprivation will likely be damaging to the well being of the children, we find that the juvenile court did not abuse its discretion in terminating the biological mother's parental rights as to M. J. T. and as to A. T. *In the Interest of M. R.*, 213 Ga. App. 460, 465 (1) (444 SE2d 866); *In the Interest of A. L. L.*, 211 Ga. App. 767, 770 (440 SE2d 517); *In re G. M. N. & D. M. N.*, 183 Ga. App. 458, 461 (1) (359 SE2d 217). Compare *In the Interest of T. R. L.*, 162 Ga. App. 659, 660 (292 SE2d 518).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED MAY 1, 1995.

*Joseph F. Bertollo,* for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Teresa E. Lazzaroni, Assistant Attorney General, Burkett, Schneider & Mumford, Robert F. Mumford,* for appellee.